REID vs. THE MAYOR, ETC. OF EATONTON.*

| 80 | 755 |
|----|-----|
| 96 | 480 |
| 80 | 755 |
| 98 | 697 |
| 80 | 755 |
| 103 | 692 |
| 80 | 755 |
| a110 | 33 |
| 80 | 755 |
| 119 | 87 |
| 80 | 755 |
| 123 | 864 |

1. The bill alleges unjust discrimination against the colored people of Eatonton by the provisions of an act of October 24, 1887, as to raising and distributing a certain school fund, and that therefore the act is unconstitutional; but the bill is filed by a white taxpayer and citizen, and alleges that under the act an election had been held and it had been determined that bonds should be issued; that the trustees of the white and colored schools had agreed in writing as to the proportion to be received by each school; that the amount agreed to be received by the colored school from the

BLECKLEY, C. J., did not preside in this case, because of indisposition.

sale of the bonds did not, and under the act could not, exceed the *pro rata* of taxes paid into the treasury by the colored people; and that defendants were advertising the bonds to be sold; and prays that defendants be enjoined from selling, or offering to sell the bonds. It appears that the colored people are satisfied; and expressly agree to the division and the proportion of the bonds they are to receive, regardless of the proviso to the act as to what proportion should be allotted to them; and it does not appear that complainant is or will be hurt by the action he seeks to prevent. It follows that he cannot maintain the bill.

2. Even if complainant had a right to file the bill, this court is not prepared to hold that injunction should have been granted, or that the act is unconstitutional.

May 21, 1888.

Constitutional law. Race discrimination. School fund. Parties. Injunction. Before Judge GUSTIN. Putnam county. At chambers, May 3, 1888.

Reported in the decision.

J. S. TURNER, for plaintiff.

W. B. WINGFIELD, for defendant.

SIMMONS, Justice.

Reid filed his bill against the mayor and council of Eatonton, alleging that he was a citizen of that town and a tax-payer thereof; that under an act of the legislature, approved October 24th, 1887, an election had been held in that town to determine whether certain bonds provided for in the act should be issued for the purpose of building school-houses for the white and colored people of said town; that the result of the election had been declared to be in favor of issuing the bonds; that as provided in the act, the trustees of the white and colored schools had agreed in writing to the proportion to be received by each school; and that the amount agreed to be received by the colored school from the sale of the bonds did not, and under the act could not, exceed the *pro rata* of taxes paid into the

treasury by the colored people; that the defendants were advertising the bonds to be sold; and the complainant prayed that the defendants be enjoined from selling or offering for sale the bonds, on the ground that the act was unconstitutional, because it discriminated against the colored people of the town. The chancellor refused to grant this injunction; whereupon he excepted and brought the case here for review.

1. We do not think that the chancellor erred in refusing to grant this injunction, upon the facts above set forth. While Reid alleges in his bill that he is a citizen and taxpayer of said town, he makes no allegation of any damage or injury that would accrue to him by reason of the issuance and sale of the bonds. He does not claim to be one of the colored people against whom, he contends, this act discriminates; but, on the contrary, it is admitted that he is a white man. So far as appears from this record, the colored people are perfectly satisfied with the proportion allowed them under the act; indeed, in their written agreement with the trustees of the white school, they expressly agree to this provision, without regard to the proviso in the act. The contract treats the proviso to the act as immaterial. They agree to the division and the proportion of the bonds, regardless of the proviso. We cannot see what right the plaintiff in error has to file this bill or make this question, as he does not allege any injury accruing to him by the enforcement of the act or the contract made in pursuance thereof. Cooley on Constitutional Limitations, (5 ed.) 197, says: " A court will not listen to an objection made to the constitutionality of an act by a party whose rights it does not affect, and who has, therefore, no interest in defeating it." In the case of Marshall *vs.* Donovan, 10 Bush, the Supreme Court of Kentucky held, " that a party must be prejudiced by the enforcement of a statute, or the courts will not listen to an objection by him to its constitutionality"; . . . " and that he does not occupy an attitude authorizing him to ask the

courts to assume the responsibility of declaring unconsti-tutional and void the system of law by and through which one of the most important of our public interests is maintained and regulated." In the case of Sinclair *vs.* Jackson, 8 Cowen, it was held " that the objection that the law was void as being contrary to the constitution of the United States, because it seeks to divest the rights of remaindermen, cannot be successfully urged by a stranger to the remainder; objection can be maintained by the remaindermen only." In the case of Smith *vs.* McCarty, 56 Pa. State, it was held " that if the act be unconstitutional, private parties cannot interfere by bill to have it so declared, unless on account of some damage to them. Injury to the public peace or interests of the territory sought to be incorporated is not sufficient." In the case of Antoni *vs.* Wright, 22 Gratt. 857, it was held that " no holder of the coupons is here complaining that he is injured in any way by the funding act and it is well-settled that the courts will never pronounce a statute unconstitutional because it may perhaps impair the rights of others not complaining." Other decisions might be cited to the same effect; but we think these are sufficient to show that the complainant in this bill had no right to interfere in this matter, as he alleged no damage or injury to himself arising by the enforcement of this act.

2. Even if the complainant had a right to file this bill, we are not prepared to hold that the injunction should have been granted, or that the act is unconstitutional.

Judgment affirmed.