### CITY COUNCIL OF AUGUSTA v. KING.

LITTLE, J.    A legislative act which undertakes to empower a city council to collect "all sums that may be assessed by said city council, or its authority, against each and every improved lot lying on any street in [the city], through which the pipes of the [city] waterworks may pass," is unconstitutional when it makes no provision for fixing the amount of the assessments for which it provides, with relation either to the cost thereof or the benefits to the property-owners, nor for any just apportionment of such cost among the several property-owners interested, nor for notice to them, nor for giving them any hearing with respect to the reasonableness or justness of such assessments. (See Acts 1887, p. 568.)    An act of this nature, with such omissions, is violative of article 1, section 1, paragraph 3, of the constitution, which provides that "No person shall be deprived of  .  .  property except by due process of law."    Savannah R. Co. v. Savannah, 96 Ga. 680 ; Stuart v. Palmer, 74 N. Y. 183 (30 Am. Rep. 289); Thomas v. Gain, 35 Mich. 155 (24 Am. Rep. 535) ; In re Trustees Union College, 129 N. Y. 308 ; Remsen v. Wheeler, 105 N. Y. 573 ; Dasey v. Skinner, 11 N. Y. Sup. 821 ; Parsons v. District of Columbia, 170 U. S. 52 ; Norwood v. Baker, 172 U. S. 269.

Judgment affirmed.    All the Justices concurring, except Lewis, J., absent

Submitted March 1, — Decided April 30, 1902.

Injunction.    Before Judge Brinson.    Richmond superior court. October 21, 1901.

W. H. Barrett, for plaintiff in error.    P. J. Sullivan, contra.