SHIPPEN BROTHERS LUMBER CO. *v.* ELLIOTT, mayor, *et al.*

1. The act approved October 21, 1891 (Acts 1890-1891, vol. 2, p. 898), entitled, "An act to amend the charter of the town of Ellijay, in the county of Gilmer, and to confer certain powers therein named," is not violative of the provisions of art. 3, sec. 7, par. 17, of the constitution (Civil Code, §5679), on the ground that the act failed to sufficiently designate

the previous acts of the General Assembly which constituted the charter of the town of Ellijay. *Puckett* v. *Young*, 112 *Ga.* 578; *Town of Poulan* v. *Atlantic Coast Line R. Co.*, 123 *Ga.* 605; *Burge* v. *Mangum*, 134 *Ga.* 307 (67 S. E. 857).

2. The provision of the act of the General Assembly, approved October 16, 1891 (Acts 1890-1891, vol. 1, p. 231; Political Code, §717), "That the mayor and council of each town or city are authorized, at their option, to elect three freeholders residing in the town or city, as assessors, who shall value and assess all the property within the said town or city liable for taxation," is to be construed as cumulative, conferring upon the municipalities the option of assessing property for taxation through the agency of appointed freeholders, but does not preclude an assessment through other agencies provided by law.

3. In so far as the charter of the town of Ellijay (Acts 1890-1891, vol. 2, p. 898, sec. 10) purports to authorize the mayor and council to assess or raise the valuation of any unreturned property to its true market value, it is violative of the due-process clause of the constitution of the United States, and of the similar clause of the constitution of the State of Georgia, because no provision is made which affords the owner of any unreturned property a hearing on the question of its value.

(a) It is unnecessary to deal with other questions which relate exclusively to the exercise of discretion by the judge.

JUNE 29, 1910.

Petition for injunction. Before Judge Morris. Gilmer superior court. October 2, 1909.

*T. A. Brown*, for plaintiff. *A. H. Burtz*, for defendants.

ATKINSON, J. 1-2. The rulings announced in the first and second headnotes do not require elaboration.

3. The plaintiff in error was a taxpayer in the town of Ellijay. It omitted to return its property for taxes for the year 1909. The mayor and council, after giving notice and a hearing, assessed the property at a stated value for the purpose of taxation. Execution issued for the amount of the taxes based on the assessed value, and suit was brought to enjoin the enforcement of the execution. It was contended that the mayor and council were without authority to assess the value of the property. The charter of the town of Ellijay contained the following: "Sec. X. Be it further enacted, That the marshal of said town shall receive the return of property, both real and personal, and shall lay the same before the mayor and council before an assessment has been made; that when any person or corporation fails or refuses to return its property for taxation, or when property is returned below its true market value, the mayor and council may assess or raise the valuation of any property to its true market value." (Acts 1890-91, vol. 2. p. 898.) Th

was alleged that section ten was unconstitutional, because it vi-
olated the due-process clause as embodied in the constitution of the
United States (Civil Code, § 6030), and of the constitution of the
State of Georgia (Civil Code, § 5700), it being substantially the
same in each of the constitutions. The attack upon the constitu-
tionality of this provision of the charter was based upon the
ground that there was no provision made which afforded a hearing
to a taxpayer in the matter of fixing the value at which his unre-
turned property should be taxed. The town of Ellijay was in-
corporated by the act approved August 16, 1883 (Acts 1882-83, p.
297), and its charter was subsequently amended at several differ-
ent times (Acts 1887, p. 584; Acts 1889, p. 1078; Acts 1890-91,
p. 898). Section 10 of the act of 1891, which is attacked as being
unconstitutional, when considered in connection with all of the
provisions of the charter as contained in the act incorporating the
town of Ellijay and the several amending acts above mentioned,
in so far as it relates to the ascertainment of values of unreturned
property for taxation, does not contemplate the conferring of
power upon the mayor and council to provide by ordinance for the
ascertainment of the value of unreturned property, but professes
to be a complete act within itself and to make final disposition of
the matter by conferring upon the mayor and council directly the
power to assess the value, and makes no provision which affords the
taxpayer a hearing as to the value of property to be assessed, but
the assessment by the mayor and council is contemplated to be final
and binding. It thus appears that the question before us is differ-
ent from what it might be if the charter provided authority to as-
sess the value of property, and expressly conferred power upon
the municipality to adopt ordinances providing for the ascertain-
ment of values, and ordinances were in fact adopted which provided
for notice and a hearing to the taxpayer. In *City Council* v. *King,*
115 *Ga.* 454 (41 S. E. 661), it was said: "A legislative act
which undertakes to empower a city council to collect 'all
sums that may be assessed by said city council, or its authority,
against each and every improved lot lying on any street in [the
city], through which the pipes of the [city] waterworks may pass,'
is unconstitutional when it makes no provision for fixing the
amount of the assessment for which it provides, with relation
either to the cost thereof or the benefits to the property-owners

interested, nor for notice to them, nor for giving them any hearing with respect to the reasonableness or justness of such assessments. (See Acts 1887, p. 568.) An act of this nature, with such omissions, is violative of article 1, section 1, paragraph 3, of the constitution, which provides that 'No person shall be deprived of . . property except by due process of law.'" In the case of *Savannah, Florida & Western Ry. Co.* v. *Mayor etc. of Savannah,* 96 *Ga.* 680 (23 S. E. 847), it was said: "That the charter of a city provides for the appointment by the mayor and aldermen of freeholders to assess the damages sustained by lot owners in consequence of the opening or extension of any street, with power to the mayor and aldermen to enforce the award or decision of these assessors, without providing for notice of any kind to such lot owners as to these matters, would not render the charter violative of the constitutional prohibition against depriving persons of their property without due process of law, if the charter made any provision for such notice to lot owners as would allow them an opportunity to be heard with reference to the amount of the compensation to be paid them before such assessments should become finally binding and conclusive upon them. . . In the absence of any provision whatever for such notice in a city charter, it is unconstitutional in the respect above indicated." In each of the foregoing cases there was statutory power conferred upon the municipality to do the thing attempted; but in each instance, as is true with the statute creating the charter of the town of Ellijay, there was an omission to provide for a hearing to the property-owner, and the law was held to be unconstitutional. The property-owner is entitled to a hearing at some time before the assessment of the value of his property becomes finally binding, and a statute which attempts to authorize an assessment when the law does not afford him such a hearing will be declared unconstitutional. Central of Georgia R. Co. *v.* Wright, 207 U. S. 127 (28 Sup. Ct. 47, 52 L. ed. 134) ; 8 Cyc. 1108. It will not suffice that he may have been afforded a hearing as a matter of grace; where he is entitled to a hearing, it is essential that the law should afford it to him as a matter of right. Security Trust Co. *v.* Lexington, 203 U. S. 323 (27 Sup. Ct. 87, 51 L. ed. 204) Process of Law, by McGehee, c. 2, p. 82; Gray on Limitations of Taxing Power, § 1165, p. 579. Under a proper construction of the charter of the town of Ellijay,

the mayor and council would have complied with its terms with reference to the assessment of unreturned property for taxation without giving any hearing whatever, or passing any ordinance on the subject; and the hearing which they gave the plaintiff in error was given purely as a matter of grace. After construing the charter of the town of Ellijay as an effort to confer power upon the mayor and council to assess the value without also making provision which afforded the property-owner a hearing, we have considered whether the plaintiff in error might not have been entitled to a hearing in a court of equity, and thus to have upheld the constitutionality of section 10 of the charter; but under the reasoning in *City of Augusta* v. *Pearce, 79 Ga.* 98 (4 S. E. 104), we have concluded that as to the question of the ascertainment of mere value equity will not afford a hearing, and we can discover no ground upon which to defend the constitutionality of section 10 of the charter as against the attack made upon it. As it was unconstitutional, all the proceedings under it were necessarily void, and the court ought to have granted the injunction. Having reached this conclusion, it is unnecessary to deal with other questions in the case, which depended entirely upon the discretion of the judge.　　　　*Judgment reversed. All the Justices concur.*

EVANS, P. J. I concur in the judgment, but dissent from the conclusion of the majority that section 10 of the amended charter of the town of Ellijay was intended to be an exhaustive scheme for the assessment of property for taxation in that municipality. It is not usual, and indeed not desirable, that a municipal charter should be burdened with all the details for exercising the various powers conferred upon the municipality or any of its officers by the legislature. When the power to do certain acts is conferred upon the mayor and council by the municipal charter, but the particular mode of exercising the power is not prescribed, this may be done by ordinance. Section 10 bears internal evidence that the legislature did not contemplate that they were inhibiting the municipality from providing the mode of exercising the power given to the municipality relative to the assessment of taxes. It is not provided when the tax returns shall be made to the marshal nor the form or manner in which they shall be made, nor is the machinery provided for the assessment of property of delinquent taxpayers. I do not think that the provision in the charter should be held to be self-ex-

ecuting, and a denial of the right of the municipality to provide by ordinance a constitutional mode of assessment, so as to render the charter provision unconstitutional; but rather should it be construed as authorizing the municipality to carry into effect the power conferred by the charter by adopting proper and legal by-laws or ordinances providing for the assessment of property. It does not appear in the record, however, that the municipality has adopted any by-law to carry into effect the charter provision; and for this reason I concur in the judgment, but dissent from so much of the opinion as holds section 10 to be unconstitutional.