WALLACE *v.* CITY OF ATLANTA.

No. 15473.   JUNE 4, 1946.

*C. G. Battle,* for plaintiff.

*J. C. Savage, J. C. Murphy, John E. Feagin,* and *J. M. B. Bloodworth,* for defendant.

HEAD, Justice. (After stating the foregoing facts.) There

is no allegation in the plaintiff's petition that the rate of taxation in the City of Atlanta has been increased by reason of the act amending the charter of the city, nor is there any allegation that the rate of taxation will be increased by such act. The plaintiff's petition does not show either present injury, or any action by the defendant which might result in injury to him. Nor are there any allegations showing a probable loss of public funds or property.

In *Rounsaville* v. *Kohlheim*, 68 *Ga.* 668 (45 Am. R. 505), it was held: "Mere allegations of speculative or contingent injuries, with nothing to show that they will in fact happen, do not require an injunction." See also, in this connection: *Pittard* v. *Summerour*, 181 *Ga.* 350 (182 S. E. 20); *Christokas* v. *West*, 181 *Ga.* 513 (182 S. E. 895). In *Reid* v. *Eatonton*, 80 *Ga.* 756 (6 S. E. 602), it was held: "It does not appear that complainant is or will be hurt by the action he seeks to prevent. It follows that he cannot maintain the bill."

It is not charged that the defendant, City of Atlanta, has done any act to increase the amount of taxes to be paid by the plaintiff, and the allegations of his petition come within the rule that, "Equity will not entertain a petition to enjoin the enforcement of an alleged unconstitutional law, where the complainant does not show that such enforcement *is attempted* against his personal or property rights." (Italics ours.) *Plumb* v. *Christie*, 103 *Ga.* 686 (30 S. E. 759, 42 L. R. A. 181). In this connection, see also *Hazleton* v. *Atlanta*, 147 *Ga.* 208 (4) (93 S. E. 202).

As applied to an act for the levy and collection of taxes, it was held in *Standard Cigar Co.* v. *Doyal*, 175 *Ga.* 859 (166 S. E. 434), as follows: "Until some act has been done to the injury of the person or persons bringing the suit, however, no right of action exists." In *Stegall* v. *Southwest Ga. Housing Authority*, 197 *Ga.* 571, 583 (30 S. E. 2d, 196), it was stated: "No person will be heard to question the constitutionality of a statute, except as it may infringe upon his personal or property rights. . . An injunction will not be granted on mere apprehension. A party suing as a taxpayer, in order to obtain such relief, must show that he is in danger of injury through loss of public funds or property."

In this instance the allegations of the plaintiff's petition do not show either present injury, or such action by the defendant as

might result in injury. The plaintiff's case rests purely on speculation or apprehension that an injury may occur, and therefore he fails to present a cause for injunctive relief.

*Judgment affirmed. All the Justices concur.*