### GUY *v*. NELSON.

BELL, Justice. 1. All county superintendents of schools shall be elected by the qualified voters of their respective counties, exclusive of districts having independent school systems, quadrennially on Tuesday after the first Monday in November, for terms of four years beginning on the first day of January following the day of election; and each shall hold office until his successor is elected and qualified. Code, § 32-1002, Ga. L. 1909, p. 154, Ga. L. 1919, p. 349.

2. "The county superintendent of schools may be removed from office before the expiration of his term by a majority vote of the board of education for inefficiency, incapacity, neglect of duty or malfeasance or corruption in office: Provided, that any superintendent so removed shall have the right of appeal from the action of the county board to the State Board of Education." Code, § 32-1008, as amended by act approved March 27, 1947, Ga. L. 1947, pp. 1190, 1191. See also Code, § 32-910, relating to authority of the county board of education as to matters of local controversy in reference to the construction and administration of the school laws, and providing also for the right of appeal, as amended by the act of 1947, supra.

3. Sections 32-403 and 32-405, relating to the power and duties of the State Board of Education, including authority to pass upon appeals, were both expressly repealed by an act approved February 10, 1937, Ga. L. 1937, p. 864, sec. 11. By section 6 of the same act it was provided: "The State Board of Education shall have appellate jurisdiction in all school matters which may be appealed from any county or city board of education, and its decisions in all such matters shall be final and conclusive. Appeals to the board must be made in writing through the county superintendent of schools, or the secretary of the Official Board of Independent Systems, and must distinctly set forth the question of

law, as well as the facts in the case. The board shall provide by regulation for notice to the opposite party and for hearing on the appeal." See also, in this connection, Code, §§ 32-505 and 32-912, relating to *suspension* of a county school superintendent, as distinguished from removal.

4. None of the foregoing statutes, nor any other law of this State, provides for notice and an opportunity for hearing before removal of the superintendent by the county board of education; and since it is provided in the Code, § 32-1002, supra, that county school superintendents shall be elected for fixed terms (compare Constitution of 1945, art. 8, sec. 6, par. 1, Code, Ann. Supp., § 2-6901, Ga. L. 1945, p. 80), and in the Code, § 32-1008, as quoted supra, that a superintendent may be removed from office before the end of his term for specified causes, the failure of these and other laws to make any provision whatever for notice to such officer, with an opportunity to make defense *before being removed*, renders such statute as to removal unconstitutional and void under the due-process clause of the Constitution of this State. Constitution, art. 1, sec. 1, par. 3 (Code, Ann. Supp., § 2-103, Ga. L. 1945, p. 10); *Walton* v. *Davis*, 188 *Ga.* 56 (2 S. E. 2d, 603), including special concurrence; *Mott* v. *Ga. State Board of Optometry*, 148 *Ga.* 55 (95 S. E. 867); *State Board of Medical Examiners* v. *Lewis*, 149 *Ga.* 716 (102 S. E. 24); *Riley & Co.* v. *Wright*, 151 *Ga.* 609 (107 S. E. 857); State of Montana ex rel. Nagle *v.* Sullivan, 98 Mont. 425 (40 Pac. 2d, 995, 99 A. L. R. 321, ann.); 43 Am. Jur. 50, § 212. As to the Federal Constitution, contrast Taylor *v.* Beckham, 178 U. S. 548 (20 Sup. Ct. 1009, 44 L. ed. 1187).

5. The provision in the statute for an appeal to the State Board of Education after the county board "has rendered judgment of condemnation" is not a compliance with the mandate of the Constitution. See *Mott* v. *Ga. State Board of Optometry*, 148 *Ga.* 55 (supra). Also, as stated in that decision, tax cases "stand upon a different basis;" it being sufficient in the latter class of cases if the alleged tax debtor has an opportunity to be heard either before the amount of the tax is determined, or in subsequent proceedings for collection. *Shippen Bros. Lumber Co.* v. *Elliott*, 134 *Ga.* 699 (3), 702 (68 S. E. 509); *Lanham & Sons Co.* v. *Rome*, 136 *Ga.* 398 (2) (71 S. E. 770).

6. Nor would the purported removal of the superintendent under the statute here under consideration be rendered valid because the officer may actually have been afforded a hearing by the board, since he was entitled thereto as a matter of constitutional right and not as a matter of grace. *Shippen Bros. Lumber Co.* v. *Elliott*, supra; *Mott* v. *Ga. State Board of Optometry*, supra.

(a) Under the preceding rulings as applied to the instant case, the trial judge did not err in overruling the demurrer to the petition for the writ of quo warranto, or in sustaining the motion of the relator to strike the plea in abatement; and there being no material issue of fact, it was not error to render final judgment in favor of the relator, ousting the respondent from office. The questions dealt with in the present case were not involved in *Parkerson* v. *Hart*, 200 *Ga.* 660 (38 S. E. 2d, 397). Nor do any of the decisions cited for the respondent, including *Board*

*of Education of Long County* v. *Board of Education of Liberty County,*
173 *Ga.* 203 (159 S. E. 712), and *Robitzsch* v. *State of Ga.,* 189 *Ga.* 637
(7 S. E. 2d, 387), require a different result in the instant case.

*Judgment affirmed.* *All the Justices concur, except Wyatt, J., who took
no part in the consideration or decision of this case.*

No. 15965.   October 15, 1947.

732

*Julius A. McCurdy,* and *Weekes & Candler,* for plaintiff.

*Carl T. Hudgins, W. Harvey Armistead,* and *Howard, Tiller & Howard,* for defendant.