BROCK *et al.* v. DOBBS *et al.*

HAWKINS, Justice. C. C. Brock and four other named persons brought their petition against the Board Members of the Fulton County Health Department, alleging: that petitioners were legally licensed and practicing veterinarians in Fulton County, and that each of them owned one or more dogs for which they held inoculation certificates and tags issued by the State; that the Fulton County Health Department had adopted certain rules and regulations concerning the inoculation of dogs for rabies, and the furnishing of certificates of inoculation and serially numbered tags by Fulton County to be attached to the collar or harness worn by the dog for which the certificate and tag were issued, and providing for charging a one-dollar tax for each dog inoculated. They allege that these rules and regulations are violative of stated provisions of the State Constitution, in that the general law provides for the furnishing of tags by the State to each dog owner without cost, and the petition prays for rule nisi to show cause; that the defendants be temporarily and permanently enjoined from requiring Fulton County licenses and tags and from collecting the fee of one dollar therefor; that the rules and regulations of Fulton County Health Department be declared unconstitutional as being in conflict with the laws of general

operation in the State of Georgia; for general relief, and for process. To the judgment sustaining a general demurrer and dismissing the petition the plaintiffs except. *Held:*

1. Equity will not entertain a petition to enjoin the enforcement of an alleged unconstitutional law where the complainant does not show that such enforcement is attempted against his personal or property rights. Where, as here, the petition seeks to enjoin the collection of an alleged unconstitutional tax or fee, until some act has been, done to the injury of the person or persons bringing the suit no right of action exists. *Wallace* v. *City of Atlanta,* 200 *Ga.* 749 (38 S. E. 2d, 596), and cases cited.

2. Since the petition in this case fails to show any act on the part of the defendants seeking to enforce the alleged invalid regulations as against the petitioners or either of them, or that they have in any way been injured thereby, the petition failed to state a cause of action, and the trial court did not err in sustaining the general demurrer thereto.

*Judgment affirmed. All the Justices concur, except Atkinson, P.J., not participating.*

No. 17887. SUBMITTED JUNE 10, 1952—DECIDED JULY 15, 1952— REHEARING DENIED JULY 28, 1952.

*Thos. E. McLemore,* for plaintiffs in error.

*Harold Sheats, Durwood T. Pye, Standish Thompson* and *E. A. Wright,* contra.