### 20024. SOUTH GEORGIA NATURAL GAS CO. *v.* GEORGIA PUBLIC SERVICE COMMISSION *et al.*

CANDLER, Justice. An act which the legislature passed in 1956 (Ga. L. 1956, Vol. 1, p. 104) provides that no person, firm or corporation, except municipal corporations and counties of this State, shall construct or operate in intrastate commerce within this State any pipeline for the transportation, distribution, or sale of natural or manufactured gas without first obtaining from the Georgia Public Service Commission a certificate of public convenience and necessity. Subsequently, on October 12, 1956, Georgia Coastal Natural Gas Corporation, a Georgia corporation, filed with the Georgia Public Service Commission an application for a certificate of public convenience and necessity to construct and operate a gas pipeline system in a specified area of southeast Georgia embracing 24 counties and a part of 4 others. The application for such a certificate was made pursuant to the provisions of the intrastate pipeline act of 1956, and to 'the rules which the commission adopted pursuant to section 8 thereof. South Georgia Natural Gas Company, also a Georgia corporation, interposed objections in writing to a grant of the certificate so applied for on several grounds, one of which was that the act under which the application was made is "invalid and unconstitutional." After the applicant and the objector had introduced their evidence, the commission on March 29, 1957, granted the certificate applied for, but expressly retained jurisdiction of the proceeding for the purpose of granting such further order or orders as to it might seem meet and proper. Thereafter, on July 22, 1957, South Georgia Natural Gas Company filed a suit in the Superior Court of Fulton County against Georgia Public Service Commission, its five members, both in their individual and official capacities, and Georgia Coastal Natural Gas Corporation. Its three-count petition, as later amended, sought to enjoin and set aside the defendant commission's order of March 29, 1957, which granted to the

defendant Georgia Coastal Natural Gas Corporation the certificate of public convenience and necessity it had applied for on October 12, 1956. As grounds for such relief, counts one and two of the amended petition allege that the act as a whole offends enumerated provisions of Georgia's Constitution of 1945 and the Constitution of the United States, and that it is for that reason unconstitutional and void. And count three alleges that the evidence which the applicant (Georgia Coastal Natural Gas Corporation) introduced before the commission was insufficient to authorize the order which granted the applied-for certificate. As an exhibit, there is attached to and by reference made a part of the petition a copy of the proceedings before the commission, including all of the evidence which the parties submitted in support of and against the application for the certificate. The defendants interposed demurrers to the amended petition but, so far as the record shows, they were not ruled on; and, in due time, they also answered the amended petition. On September 20, 1957, the parties agreed in open court to submit the case to the trial judge, without a jury, for determination and final decree. Each side then introduced its evidence and from such evidence, the judge found and decreed that the plaintiff was not entitled to the relief sought. The plaintiff filed a motion for new trial, later amended it, and the exception is to a judgment denying such amended motion. *Held:*

1. Before a statute can be attacked by anyone on the ground of its unconstitutionality, he must show that its enforcement is an infringement upon his right of person or property, and that such infringement results from the unconstitutional feature of the statute upon which he bases his attack. Reid *v. Mayor &c. of Eatonton,* 80 *Ga.* 755 (6 S. E. 602); *Plumb* v. *Christie,* 103 *Ga.* 686 (30 S. E. 759, 42 L. R. A. 181); *Wallace* v. *City of Atlanta,* 200 *Ga.* 749 (38 S. E. 2d 596); *Villyard* v. *Regents of University System of Ga.,* 204 *Ga.* 517 (50 S: E. 2d 313); *West* v. *Housing Authority of Atlanta,* 211 *Ga.* 133, 136 (84 S. E. 2d 30); Southern Ry. Co. *v.* King, 217 U. S. 524, 534 (30 Sup. Ct. 594, 54 L. ed. 868); Plymouth Coal Co. *v.* Pennsylvania, 232 U.S. 531 (34 Sup. Ct. 359, 58 L. ed. 713). He must show that the alleged unconstitutional feature of the statute injures him, and so operates as to deprive him of rights protected by the Constitution of this State or by the Constitution of the United States, or by both. *Cooper* v. *Rol-*

*lins,* 152 *Ga.* 588 (110 S. E. 726, 20 A. L. R. 1105); *Harrell* v. *Cane Growers Co-op Assn.,* 160 *Ga.* 30, 72 (126 S. E. 531); 19 R. C. L. 109; and Mallinckrodt Chemical Works *v.* Missouri, 238 U.S. 41, 54 (35 Sup. Ct. 671, 59 L. ed. 1192), in which the Supreme Court of the United States held: "As has been often pointed out, one who seeks to set aside a state statute as repugnant to the Federal Constitution must show that he is within the class with respect to whom the act is unconstitutional, and that the alleged unconstitutional feature injures him."

2. The amended petition in the instant case alleges that the gas pipeline act of 1956 offends that part of article 7, section 7, paragraph 5, of the Constitution of 1945 which empowers the Georgia Public Service Commission to regulate the rates and service of any gas utility plant which a county operates beyond its limits, or the rates and service of any gas utility plant which a municipality operates beyond the limits of the county in which it is located, when any such county or municipal utility is financed from the proceeds of revenue-anticipation certificates. And it also alleges that the act of 1956 offends the due-process and equal-protection clauses of the Constitution of the United States. The plaintiff contends that these constitutional provisions are violated by the act because and only because municipalities and counties of this State are expressly excepted from its regulatory terms. Assuming that this feature of the act does render it unconstitutional, nevertheless, the plaintiff will not be heard to raise these constitutional questions unless the act operates in such a way as to injure it; and since this is not a case where any county or any municipality of this State is operating a gas pipeline facility, or seeks to do so under the provisions of the act of 1956, it is clear to us that the plaintiff is not injured in any way by the exclusion of municipalities and counties from the provisions and the operation of the act; this being true, it is not in a position to attack its validity on either of these alleged grounds.

3. The plaintiff also attacks the validity of the act on the ground that it offends article 1, section 8, paragraph 3 of the Constitution of the United States, which gives to Congress exclusive power to regulate commerce among the several States. As previously pointed out, the plaintiff has no standing to attack the validity of the act on this ground in the absence of a

showing that some constitutionally protected right which it has respecting the commerce clause is adversely affected by the act. See Bourjois, Inc. *v.* Chapman, 301 U.S. 183 (57 Sup. Ct. 691, 81 L. ed. 1027). Concerning this attack, the record affirmatively shows that the plaintiff, as an interstate distributor of gas, does not serve the area in question or any part of it; and that it has no application pending with anyone for a certificate which would, if granted, authorize it to do so. As we view the record, the plaintiff and its interstate gas business are strangers to the area involved in this case, and are not adversely affected by the provisions of the attacked act, which relates only to an intrastate gas business, nor is it injured in any way by the certificate of public convenience and necessity which the commission granted to Georgia Coastal Natural Gas Corporation, since it will not interfere in any way with any business which the plaintiff is doing in this State or which it has any legal right to do. Consequently, it must be and is held that the plaintiff is in no position to attack the constitutionality of the act on this ground.

4. Since the plaintiff is not one who is adversely affected by the order which the commission granted on Georgia Coastal Natural Gas Corporation's application for a certificate of public convenience and necessity, it will not be heard to question the sufficiency of the evidence upon which it was granted; and this is true even though it was permitted by the commission to interpose objections to the application and to introduce evidence in support of such objections. In this connection, see Pittsburgh & West Virginia Ry. Co. *v.* United States, 281 U.S. 479 (50 Sup. Ct. 378, 74 L. ed. 980, 983).

5. The judgment complained of is not erroneous for any reason assigned.

*Judgment affirmed. All the Justices concur.*

ARGUED APRIL 15, 1958—DECIDED MAY 7, 1958—REHEARING DENIED JUNE 4, 1958.

*Dumas, O'Neal & Hayes, Bloch, Hall, Groover & Hawkins,* for plaintiff in error.

*Bennett, Pedrick & Bennett, Gambrell, Harlan, Russell, Moye & Richardson, E. Smythe Gambrell, E. Kontz Bennett, Eugene*

*Cook, Attorney-General, Robert H. Hall, E. Freeman Leverett, Assistant Attorneys-General, Theodore M. Forbes, Jr., Harold N. Hill, Jr.,* contra.