23430.  HOLLAND FURNACE COMPANY v. WILLIS.

ARGUED APRIL 11, 1966—DECIDED MAY 26, 1966.

*Bloch, Hall, Groover & Hawkins, Ellsworth Hall, III,* for appellant.

*Durward B. Mercer, Adams, O'Neal, Steele, Thornton & Hemingway, H. T. O'Neal, Jr., Robert S. Slocumb,* for appellee.

MOBLEY, Justice. Jack R. Willis, appellee, obtained a judgment for damages in the amount of $21,000 against Holland Furnace Company, appellant, a foreign corporation, for the negligent installation of a furnace in appellee's house in 1962, which installation caused the house and personal items therein to burn and become damaged in January 1964. The petition sought service of process upon the appellant by service upon the Secretary of State under *Code Ann.* §§ 22-1507, 22-1508 (Ga. L. 1946, pp. 687, 688; 1959, pp. 126, 127; 1965, pp. 259, 260). The suit was brought in the City Court of Macon and went into default, no answer or defensive pleading having been filed by appellant in time, and a jury trial was had on the question of the amount of damages.

Appellant filed several motions to vacate and set aside the judgment on various grounds, attacking the constitutionality of the statute providing for service upon the Secretary of State, and the validity of said statute when applied to the proceedings in the City Court of Macon. To these motions, appellee filed general demurrers which the trial court sustained. The appeal is from these rulings sustaining appellee's demurrers.

■ Appellant contends that the statute for serving nonresident corporations denies it due process of the law and is unconstitu-

tional and void, when applied in a proceeding brought in the City Court of Macon, since it fails to assure the corporation of a reasonable time within which to prepare a defense and file defensive pleadings. The primary essentials to due process of law are notice and an opportunity to be heard (*Sikes v. Pierce*, 212 Ga. 567 (2) (94 SE2d 427); *Robitzsch v. State*, 189 Ga. 637 (7 SE2d 387); *Arthur v. State*, 146 Ga. 827, 828 (92 SE 637); Link v. Wabash, 370 U. S. 626 (82 SC 1386, 8 LE2d 734)); and essential to an opportunity to be heard is the right to a reasonable time, after notice, for preparation of a defense to a proceeding or suit. Mullane v. Central Hanover Trust Co., 339 U. S. 306 (70 SC 652, 94 LE 865); *Piggly-Wiggly Ga. 'Co. v. May &c. Corp.*, 189 Ga. 477, 489 (6 SE2d 579); *Jefferson Fire Ins. Co. v. Brackin*, 140 Ga. 637 (79 SE 467); 16 Am. Jur. 2d 968, 969, Constitutional Law, § 564. *Code Ann.* § 22-1508 (Ga. L. 1946, pp. 687, 688; 1959, pp. 126, 127; 1965, pp. 259, 260) provides for the method of service upon nonresident corporations as authorized by Ga. L. 1946, pp. 687, 688 (*Code Ann.* § 22-1508), and states as follows: "If such foreign corporation, doing business in this State, and which does not maintain a place of business and agent in this State upon whom service may be perfected, shall fail to designate some person or persons who may be found and served with notice, summons, or process in this State, then service of summons or process shall be made upon such corporation by leaving two copies of the petition or other pleadings with copy of process or summons thereto attached, with a fee of $4 for each defendant, in the hands of the Secretary of State of Georgia, and such service shall be sufficient service upon such nonresident corporation, provided that notice of such service and a copy of the petition and process is forthwith sent by registered mail by the plaintiff or the Secretary of State of Georgia, to the principal office of said corporation in the State in which such corporation was chartered or in any other State where the principal office of such corporation may be located, and the corporation's return receipt and the plaintiff's affidavit of compliance herewith are appended to the petition and summons or other process and filed with summons, petition and other papers in said case in the court wherein the action is pending."

Appellant contends that since the statute does not impose a time limit for service upon the Secretary of State, the plaintiff can, at will, shorten the time in which the defendant has to answer, particularly in the City Court of Macon where the time for filing defensive pleadings depends upon the time of filing of the suit in court and not upon the time of service as is the case in the superior courts of the State. See *Code Ann.* § 81-202 (Ga. L. 1946, pp. 761, 769; 1953, Nov. Sess., pp. 440, 451) which guarantees 30 days from time of service in which to file an answer. The statute authorizes the plaintiff to serve the Secretary of State since plaintiff is required to make an affidavit of compliance with the statute and, thus, the burden is placed upon the plaintiff to see that service is made.

The Act creating the City Court of Macon, as amended, provides for bi-monthly terms beginning the first Monday of the month, starting with January. Ga. L. 1941, pp. 694, 695. It further provides that ". . . the first term to which a case is brought shall be the appearance or return term; and it shall also be the trial and judgment term in such causes in which no answer has been filed prior to the second Saturday in said term." Ga. L. 1900, pp. 144, 147. The original petition and all suits shall be filed in the court at least 20 days before the term to which the suit is returnable, and if not filed within such time they shall be returnable to the next term thereafter. All answers and other defensive pleadings are to be filed by ". . . the second Saturday in the term to which the action so defended is returnable." Ga. L. 1941, pp. 694, 695. From these provisions it is apparent that the time for filing defensive pleadings depends upon the time when suit is commenced. The return term is determined by the date of the commencement of the suit, or the filing of the original petition, in the City Court of Macon. Obviously the time when service is made is immaterial to the time when defensive pleadings must be filed.

As shown above, the plaintiff is authorized to make service upon the Secretary of State under the statute for service upon nonresident corporations. The plaintiff is under no legal duty to make such service ". . . immediately or within five days from the time of receiving it . . ." as is the sheriff (*Code*

*Ann.* § 81-202; Ga. L. 1946, pp. 761, 769; 1953, Nov. Sess., pp. 440, 451), and no time limit for service is provided in the statute. The sheriff is not required by the statute to serve the Secretary of State and cannot be compelled to do so.

It is apparent that there is nothing in the Act creating the City Court of Macon, or in the statute for service upon nonresident corporations, or in any general Act, to guarantee appellant a reasonable time, after service upon it by service upon the Secretary of State, in which to prepare its defense and file the necessary pleadings with the court. We hold therefore, that appellant was denied due process of law in the proceeding in the City Court of Macon, as no applicable law guaranteed appellant a reasonable time within which to prepare and file a defense after service of process upon the Secretary of State. The fact that appellant did receive notice of the suit at least 19 days prior to the time for filing defensive pleadings is immaterial since due process of the law must be provided as a matter of right and not by grace. *Shippen Brothers Lmbr. Co. v. Elliott,* 134 Ga. 699 (68 SE 509) ; *Guy v. Nelson,* 202 Ga. 728, 729 (6) (44 SE2d 775).

■ Appellee contends that appellant is without standing to attack the validity of the statute for service upon nonresident corporations or the validity of its application to the proceeding in the City Court of Macon. In order to have standing to attack the constitutionality of a statute one ". . . must show that its enforcement is an infringement upon his right of person or property, and that such infringement results from the unconstitutional feature of the statute upon which he bases his attack . . ." (cases cited) or, stated in different words, he ". . . must show that he is within the class with respect to whom the act is unconstitutional, and that the alleged unconstitutional feature injures him . . ." (citing Mallinckrodt Chemical Works v. Missouri, 238 U. S. 41, 54 (35 SC 671, 59 LE 1192) ). *South Ga. Nat. Gas Co. v. Georgia Pub. Serv. Comm.,* 214 Ga. 174, 175-176 (1) (104 SE2d 97). The class affected by the statute consists of all nonresident foreign corporations, undomesticated in this State, which do or have done business within this State, and while doing such business, have, allegedly, committed

an act for which they would be liable under the laws of this State. Unquestionably the appellant corporation falls within the affected class.

We now consider whether appellant's interest is injuriously affected by the unconstitutional feature of the statute. Appellant, as any defendant, is entitled as a matter of right to due process of the law in a proceeding affecting its property rights. The application of the statute for service upon nonresident corporations to proceedings brought in the City Court of Macon denies this right. By the proceeding in that court, appellant's property was made subject to a judgment for $21,000. Hence, the defective feature in the statute—that there is no time limit for service upon the Secretary of State—operates injuriously to appellant's property interests.

In *Shippen Brothers Lmbr. Co. v. Elliott,* 134 Ga. 699, supra, a case very similar to the present one with respect to the standing of a party to attack the constitutionality of a statute, this court held unconstitutional a provision in a municipal charter because it authorized the mayor and council to raise the valuation of certain property for ad valorem tax purposes without giving the property owner a hearing even though the person attacking the provision had been, in fact, given a hearing. The court stated "It will not suffice that he may have been afforded a hearing as a matter of grace; where he is entitled to a hearing, it is essential that the law should afford it to him as a matter of right." *Shippen Brothers Lmbr. Co. v. Elliott,* 134 Ga. 699, 702, supra. See also *Ray v. Mayor &c. of Athens,* 221 Ga. 73 (143 SE2d 386); *Buchanan v. Heath,* 210 Ga. 410 (2) (80 SE2d 393); *Guy v. Nelson,* 202 Ga. 728, supra; *Swinson v. City of Dublin,* 178 Ga. 323 (4) (173 SE 93).

The principle in *Shippen Brothers Lmbr. Co. v. Elliott,* 134 Ga. 699, supra, is applicable here. The fact that appellant was notified of the suit so that it may have had a reasonable time within which to file its answer does not deprive it of standing to attack the validity of the statute as applied to the suit in the City Court of Macon. Due process of the law must obtain as a matter of right and not merely by happenstance, or by the grace of judicial or other authorities. Nor is procedural due

process secured by wise discretion on the part of a plaintiff in seeing that the defendant is given timely notice of the proceeding against it.

Accordingly, we hold that appellant has standing to attack the constitutionality of the statute in its application to suits brought in the City Court of Macon.

■ The trial court erred in sustaining the demurrers to the motions to vacate and set aside the judgment for damages against the appellant, as the judgment is void, appellant having been denied due process of law in its procurement.

*Judgment reversed. All the Justices concur.*