## 27675. BRYANT v. PRIOR TIRE COMPANY.

NICHOLS, Justice. This appeal arises from the refusal of the State Court of DeKalb County to declare invalid a statute permitting service of process by leaving a copy

at the defendant's most notorious place of abode where the amount involved in the litigation is less than two hundred ($200) dollars. The defendant was served and timely filed her answer and counterclaim. A motion to dismiss because of the alleged unconstitutional service was filed and overruled, and the appeal is from this judgment upon a certification of immediate review prior to any determination of the merits of the action. *Held:*

"Before a statute can be attacked by anyone on the ground of its unconstitutionality, he must show that its enforcement is an infringement upon his right of person or property, and that such infringement results from the unconstitutional feature of the statute upon which he bases his attack. *Reid v. Mayor &c. of Eatonton,* 80 Ga. 755 (6 SE 602); *Plumb v. Christie,* 103 Ga. 686 (30 SE 759, 42 LRA 181); *Wallace v. City of Atlanta,* 200 Ga. 749 (38 SE2d 596); *Villyard v. Regents of University System of Ga.,* 204 Ga. 517 (50 SE2d 313); *West v. Housing Authority of Atlanta,* 211 Ga. 133, 136 (84 SE2d 30); Southern R. Co. v. King, 217 U. S. 524, 534 (30 SC 594, 54 LE 868); Plymouth Coal Co. v. Pennsylvania, 232 U. S. 531 (34 SC 359, 58 LE 713). He must show that the alleged unconstitutional feature of the statute injures him, and so operates as to deprive him of rights protected by the Constitution of this State or by the Constitution of the United States, or by both. *Cooper v. Rollins,* 152 Ga. 588 (110 SE 726, 20 ALR 1105); *Harrell v. Cane Growers Co-op Assn.,* 160 Ga. 30, 72 (126 SE 531); 19 RCL 109; and Mallinckrodt Chemical Works v. Missouri, 238 U. S. 41, 54 (35 SC 671, 59 LE 1192), in which the Supreme Court of the United States held: 'As has been often pointed out, one who seeks to set aside a state statute as repugnant to the Federal Constitution must show that he is within the class with respect to whom the act is unconstitutional, and that the alleged unconstitutional feature injures

him.' " *South Ga. Natural Gas Co. v. Ga. Public Service Commission,* 214 Ga. 174 (1) (104 SE2d 97).

While the amount in litigation may be sufficient to bring the defendant within the class with respect to whom the Act is allegedly unconstitutional, yet the purported unconstitutional provision cannot be said to have injured her. Accordingly, the judgment of the trial court refusing to declare such Act unconstitutional must be affirmed.

*Judgment affirmed. All the Justices concur, except Gunter, J., who concurs specially.*

SUBMITTED JANUARY 9, 1973—DECIDED FEBRUARY 8, 1973.

*Lee Payne,* for appellant.

*D. Robert Autrey,* for appellee.

GUNTER, Justice, concurring specially. The appellant has attacked service of summons upon her pursuant to Code Ann. § 81A-104 (d) (6), leaving a copy of the summons and complaint at her most notorious place of abode since the amount sued for was less than two hundred ($200) dollars.

Service in this manner was actually effective in this case, because the appellant in due time filed her responsive pleadings which were subject to her attack on this mode of service being unconstitutional.

It is therefore clear in this case that the appellant has not been denied due process or equal protection. She is in court in due time and ready to litigate all issues with the appellee. She has not and cannot be damaged by the mode of service here attacked. What she is asserting in this appeal is a technical constitutional defect in this statutory type of service. I therefore concur in the affirmance of the judgment below, because the service perfected in this case has not caused any harm or detriment to the appellant.

However, I am of the opinion that Subsection 6 of subparagraph (d) of this statute is violative of equal protection under both the Georgia and Federal Constitutions; and in a proper case it should be declared unconstitutional. I can see no rational basis for making a distinction in the manner of service of summons in actions involving less than two hundred ($200) dollars and those involving two hundred ($200) dollars or more. In other words, I would hold that "in all other cases" involving any stated amount, service must be perfected in accordance with Subsection 7 of subparagraph (d) of this statute.

I concur in the judgment.