### 28341. PAYNE v. BRADFORD et al.

NICHOLS, Justice. This is an appeal from a judgment of the Superior Court of Fulton County declaring unconstitutional the statute authorizing a year's support out of the estate of a deceased for the benefit of his widow, or widow and minor child or children, or child or children, upon the ground that the notice provisions to interested parties is insufficient. Ga. L. 1959, pp. 136, 139 (Code Ann. § 113-1002).

A caveat to the application for a year's support was filed by an adult daughter and daughter-in-law of the deceased. The record discloses that the attorney for the caveatrices knew of the application for a year's support on the day it was filed and in a letter written to the ordinary on the day the application was filed requested a hearing as to the request of the widow for a year's support.

1. In the absence of a proper attack upon the constitutionality of an Act of the General Assembly neither a trial court nor this court may declare such an Act unconstitutional. See *Robinson v. McLennan,* 224 Ga. 415 (162 SE2d 314), and cits.

2. " 'Before a statute can be attacked by anyone on the ground of

its unconstitutionality, he must show that its enforcement is an infringement upon his right of person or property, and that such infringement results from the unconstitutional feature of the statute upon which he bases his attack. *Reid v. Mayor &c. of Eatonton,* 80 Ga. 755 (6 SE 602); *Plumb v. Christie,* 103 Ga. 686 (30 SE 759, 42 LRA 181); *Wallace v. City of Atlanta,* 200 Ga. 749 (38 SE2d 596); *Villyard v. Regents of University System of Ga.,* 204 Ga. 517 (50 SE2d 313); *West v. Housing Authority of Atlanta,* 211 Ga. 133, 136 (84 SE2d 30); Southern R. Co. v. King, 217 U. S. 524, 534 (30 SC 594, 54 LE 868); Plymouth Coal Co. v. Pennsylvania, 232 U. S. 531 (34 SC 359, 58 LE 713). He must show that the alleged unconstitutional feature of the statute injures him, and so operates as to deprive him of rights protected by the Constitution of this State or by the Constitution of the United States, or by both. *Cooper v. Rollins,* 152 Ga. 588 (110 SE 726, 20 ALR 1105); *Harrell v. Cane Growers Co-op Assn.,* 160 Ga. 30, 72 (126 SE 531); 19 RCL 109; and Mallinckrodt Chemical Works v. Missouri, 238 U. S. 41, 54 (35 SC 671, 59 LE 1192), in which the Supreme Court of the United States held: "As has been often pointed out, one who seeks to set aside a state statute as repugnant to the Federal Constitution must show that he is within the class with respect to whom the act is unconstitutional, and that the alleged unconstitutional feature injures him." ' *South Ga. Natural Gas Co. v. Ga. Public Service Commission,* 214 Ga. 174 (1) (104 SE2d 97)." *Bryant v. Prior Tire Co.,* 230 Ga. 137, 138 (196 SE2d 14).

3. Where as in this case the parties complaining of the notice provisions of the Year's Support Statute (Code Ann. § 113-1002) had actual notice of such proceedings, they were not in a position to make a valid attack on the constitutionality of such provisions and the trial court was without authority to declare such Act unconstitutional on such ground.

Accordingly, the judgment of the trial court declaring such Act unconstitutional must be reversed.

*Judgment reversed. All the Justices concur, except Gunter, J., who dissents.*

ARGUED OCTOBER 10, 1973 — DECIDED NOVEMBER 8, 1973—
REHEARING DENIED NOVEMBER 30, 1973.

*Grace W. Thomas,* for appellant.
*Roy T. Leite, Jr., Beryl Weiner,* for appellees.

*Arthur K. Bolton, Attorney General, Timothy J. Sweeney, H. Andrew Owen, Jr., Assistant Attorneys General,* amicus curiae.