## 48525. PRICE v. CHEEK et al.

EVANS, Judge. This is an appeal from an order dismissing the plaintiff's petition in an election contest.

Plaintiff is an elector of Macon County, Georgia. At the general election held on November 7, 1972, there were ten county offices contested by both Democratic and Republican candidates. Plaintiff contests nine of these elections for county office, the tenth office, that of coroner, having been won by a Republican. The plaintiff testified that he voted a straight Republican Party ticket. Returns of the election were consolidated on November 8, 1972, and were certified on November 10, 1972. This election contest was filed on November 13, 1972.

The original complaint was amended four times. The lower court required that service be performed on the 12 named defendants,

nine of whom were candidates, the other three being the ordinary, the county attorney, and a local member of the election board. He also required service on the nine losing Republican candidates named in the petition. The defendants answered, and the case proceeded to trial, and after hearing evidence, the trial court dismissed the complaint. Plaintiff appeals. *Held:*

1. The motion to dismiss complains that the appeal is stale because more than 30 days elapsed between the last extension of time and the filing of the transcript and that no new additional extension of time as authorized by Code Ann. § 6-806 (Ga. L. 1965, pp. 18, 26). The last extension of time authorized a delay until June 8, 1973. The reporter's certificate is dated June 1, 1973. The certificate of the clerk states, "the foregoing is the original copy of the transcript of evidence and proceedings which the court reporter filed in my office as required by law." The clerk's records are presumed to speak with verity, and therefore, are presumed to be correct. In view of the foregoing, the motion to dismiss the appeal is denied.

2. Code Ann. § 34-203 (d) (Ga. L. 1964, Ex. Sess., pp. 26, 36) requires that the state election board be served with a copy of the election contest by serving the same on the *chairman* thereof, which service is accomplished by mailing a copy to the *chairman* by certified or registered mail, with a certificate that such service has been made. The second ground of the motion to dismiss contends that the chairman was not served, and for this reason the appeal should be dismissed.

There is no certificate of service in the record as required by law. For some reason, the complainant elected to serve a copy upon one W. F. Blanks, who was a member, but not chairman, of the State Elections Board. He was represented by the Attorney General, who secured an order of dismissal as to said member because he was not a necessary party to the case. Hence, the State Elections Board was not served and was, therefore, not legally in court.

The failure to serve the State Elections Board as required by law was a fatal defect to the attempt to contest the election. See *Smith v. Nathan,* 127 Ga. App. 610 (194 SE2d 490); *Moody v. Carter,* 128 Ga. App. 27 (195 SE2d 204). The trial court dismissed the petition, albeit for other reasons, and that judgment of dismissal is affirmed.

*Judgment affirmed. Hall, P. J., and Clark, J., concur.*

Argued September 14, 1973 — Decided December 4, 1973 —

508

Carl P. Savage, Jr., for appellant.

William T. Roberts, Walter S. Chew, Jr., Arthur K. Bolton, Attorney General, Timothy J. Sweeney, H. Andrew Owen, Jr., Assistant Attorneys General, for appellees.