## 31324. COLLINS v. WILLIAMS.

NICHOLS, Chief Justice.

This appeal results from an election contest for the office of mayor of the town of Rhine.

Williams, the incumbent mayor, was declared reelected and Harry Lee Collins filed a contest in which he attacked the absentee ballots cast in such election. When the contest was heard before the city council, Williams, the incumbent mayor, was represented by counsel and moved to dismiss the proceedings upon the ground that the provision of the Municipal Election Code (Code Ann. § 34A-1501) fails to provide for notice of such hearing. No ruling was made upon such attack. Council then heard the contest, excluded the absentee ballots, and declared that Collins should be sworn in as mayor on January 1, 1976.

On appeal to the superior court the incumbent mayor successfully sought to have the provisions of Code Ann. § 34A-1501 declared unconstitutional, the original election contest dismissed and the original order declaring the incumbent mayor reelected ordered reinstituted. The appeal is from this judgment.

1. The appellee contends that the judgment of the trial court should be affirmed, without considering the merits, because the appellant did not, at the time of filing the original contest proceeding with the city council, serve the chairman of the State Election Board, as required by § 34-203 (d) of the State Election Code. The appellee relies upon cases exemplified by *Price v. Cheek,* 130 Ga. App. 506 (203 SE2d 751) (1973), to support such contention, where it was held: "The failure to serve the State Election Board as required by law was a fatal defect to the attempt to contest the election."

This provision of the State Election Code requires that the chairman be served a copy of the complaint "filed in any court of this state seeking relief affecting . . . any

election or primary . . ." It is made applicable to municipal elections by the provisions contained in Code § 34A-110.

This statute will not be expanded so as to include *city council* within the definition of *court.* Accordingly, this contention of the appellee is without merit.

2. Under decisions exemplified by *Bryant v. Prior Tire Co.,* 230 Ga. 137, 138 (196 SE2d 14) (1973); *Payne v. Bradford,* 231 Ga. 487 (202 SE2d 422) (1973), where, as in the instant case, the respondent in the election contest had actual notice of the proceedings before the city council, was the presiding officer thereof, called the special meeting to hear the contest, and was represented by counsel who presented his defense, any deficiency in the provisions of Code § 34A-1501(a) as to notice cannot be said to have injured him.

Accordingly, the judgment of the superior court declaring such statute unconstitutional must be reversed inasmuch as the respondent in the election contest was not in a position to make a valid attack on the constitutionality of such section of the Code. Cases exemplified by *Shippen Bros. Lumber Co. v. Elliott,* 134 Ga. 699 (68 SE 509) (1910); *Guy v. Nelson,* 202 Ga. 728 (44 SE2d 775) (1947); *Holland Furnace Co. v. Willis,* 222 Ga. 156 (149 SE2d 93) (1966) and similar cases in conflict with this decision are expressly disapproved and will not be followed. Compare Security Trust Co. v. Lexington, 203 U. S. 323, 333 (27 SC 87, 51 LE 204) (1906).

The judgment declaring such provision of the Code unconstitutional must be reversed and the case remanded for a hearing on the merits of the appeal.

*Judgment reversed with direction. All the Justices concur.*

ARGUED JULY 13, 1976 — DECIDED SEPTEMBER 9, 1976 — REHEARING DENIED SEPTEMBER 27, 1976.

*Rembert C. Cravey,* for appellant.

*Smith & Harrington, Will Ed Smith,* for appellee.

GUNTER, Justice, concurring.

It is my view that Code Ann. § 34A-1501 is not unconstitutional; it does not violate due process of law for

failure to provide for notice to and a hearing for candidates involved in a contested municipal election.

Candidates participating in municipal elections are bound by and subject to the provisions of the "Georgia Municipal Election Code," Code Ann. Title 34A. Such candidates get their names on the ballot pursuant to Code Ann. Ch. 34A-9. Such candidates are on notice by statute (Code Ann. § 34A-1501) that the election in which they participated as candidates can be contested by another candidate by the filing of a contest petition with the city clerk within five days after the results of the election are declared by the governing authority of the municipality. If such a petition is not filed within the five-day period, there is no contest. But if such a petition is properly filed within the five-day period, the mere filing with the clerk is notice of the contest to all candidates who participated in the municipal election.

The filing of the contest petition with the municipal clerk satisfies due process notice requirements for candidates involved in the election. Under this statutory provision it is the duty and responsibility of a winning candidate to determine by inquiry to the clerk whether his declared election has been contested. Due process does not require that he be personally served with a copy of the petition of contest that has been filed in the office of the clerk.

After the filing of the petition of contest, the statute adequately provides for a hearing before the municipal governing authority, and it also adequately provides for an appeal from the decision of the governing authority to the superior court.

I concur in the reversal of the judgment below.