### 36804. ITELD v. SILVERBOARD et al.

JORDAN, Chief Justice.

Appellant owns a ten percent, undivided interest in a certain parcel of land with improvements thereon, and appellee owns a ninety percent, undivided interest in it. Appellee wanted to sell the property, but appellant did not. Appellee notified appellant pursuant to Code Ann. § 85-1506 of her intention to file a petition for a statutory partitioning and sale of the land. This notification was dated March 3, 1980.

On March 28, 1980, appellee filed her petition for a statutory partition naming appellant and the grantee of a security deed on the property as defendants.

On April 17, 1980, a rule nisi was issued setting a hearing on the petition for May 8, 1980. On May 8, appellant moved for a continuance which was granted. On June 9, 1980, the hearing was held with the parties and their counsel present. On July 2, 1980, the trial judge entered his findings of fact and conclusions of law together with a judgment appointing commissioners to receive written offers on the property and to report them to the court.

1. Appellant appeals from this judgment alleging, as he did below, that Code Ann. § 85-1511 is unconstitutional as it deprives defendants in a statutory partitioning proceeding of their procedural due process rights as guaranteed by the state and federal constitutions.

Specifically, appellant notes that the challenged code section does not provide for service of process on the defendant, nor for an adequate hearing. Additionally, appellant complains that an adequate interval is not allowed between initiation of the proceeding and its final determination by the trial court.

However, in this particular case some ninety-seven days elapsed between appellant's receipt of actual notice of this action against him and the full hearing on the merits of appellant's claim. "Before a statute can be attacked by anyone on the ground of its unconstitutionality, he must show that its enforcement is an

infringement upon *his* right of person or property, and that such infringement results from the unconstitutional feature of the statute upon which he bases his attack. [Cits.] He must show that the alleged unconstitutional feature of the statute *injures him,* and so operates as to deprive him of rights protected by the Constitution of the State or by the Constitution of the United States, or by both. [Cits.]" (Emphasis supplied.) *South Ga. Natural Gas Co. v. Ga. Public Service Comm.,* 214 Ga. 174 (1) (104 SE2d 97) (1958). Accord, *In the Interest of M. A. C.,* 244 Ga. 645 (1) (261 SE2d 590) (1979); *Lott Investment Corp. v. Gerbing,* 242 Ga. 90 (249 SE2d 561) (1978); *Payne v. Bradford,* 231 Ga. 487 (202 SE2d 422) (1973). Appellant accordingly has no standing to raise any perceived deficiencies in the statute.

2. Appellant contends that there is an outstanding life estate granted on a portion of the property which bars its proposed sale absent the approval of the life tenant. The testimony indicated that appellant and appellee, brother and sister, agreed to voluntarily turn over a percentage of the proceeds to their mother. This agreement was never reduced to writing, and, in fact, both ceased making payments to their mother prior to the suit for partition. Furthermore, appellant admitted in his answer and his attorney stipulated at trial that his sister owned a ninety percent, undivided interest in the land, and that he owned the remaining ten percent, undivided interest. There was insufficient evidence of any outstanding interest in the property.

The judgment of the trial court was, therefore, not in error. *Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 17, 1981.

*Morton, Payne, Rachelson & Carroll, Ira L. Rachelson,* for appellant.
*Gershon, Ruden, Pindar & Olim, Max Olim,* for appellees.