46176. CITY OF LUDOWICI et al. v. STAPLETON.
(375 SE2d 855)

HUNT, Justice.

On May 3, 1988, two of the five aldermen of the City of Ludowici filed articles of impeachment with the city clerk and asked a policeman to serve them on the mayor. The mayor fired the policeman, vetoed his reinstatement by the city council and brought this declara-

tory judgment action to have the impeachment section of the city charter declared unconstitutional. When the aldermen hired an attorney to represent them after the city attorney declined to represent either side, the mayor vetoed the hiring.

The trial court held that Section 42 of the city charter was unconstitutional and that the mayor and council should decide together who should pay for the hiring of the lawyers for each side. The parties stipulated that the policeman could retain his job with back pay. The city and the two aldermen appeal.

1. Section 42 of the city charter provides:

> In case the mayor or any alderman while in office shall be guilty of malpractice or willful neglect of duty in office, or abuse of the powers conferred upon him, or shall be guilty of any conduct unbecoming his station or convicted and sentenced of violating the criminal law of the state, involving moral turpitude, he shall be subject to be impeached by the city council or by the aldermen composing the council in case of the mayor, and *upon conviction* by not less than three votes shall be removed from office. [Emphasis supplied.]

We recognize that "[a]n elected city official who is entitled to hold office under state law has a property interest in his office which can be taken from him only by procedures meeting the requirements of due process." *Crowe v. Lucas*, 595 F2d 985 (5th Cir. 1979). The mayor points out that Section 42 does not provide even the rudiments of due process, and we agree that the city charter is clearly deficient in this regard. For example, it makes no provision for notice and a hearing before impeachment, for a standard of proof, for any rights in order to mount a defense such as the right to subpoena witnesses, and for establishing an impartial panel to adjudicate the issues once an impeachment has been filed. *Coleman v. Glenn*, 103 Ga. 458, 461 (30 SE 297) (1897). Compare *Eaves v. Harris*, 258 Ga. 1 (364 SE2d 854) (1988). The aldermen's argument that all of these rights are implied by the "upon conviction" language of the ordinance and their general powers to establish procedures does not avail them here. While it is true that the mayor and council have the power under the city charter to establish rules and regulations for impeachment, no such procedure has been established and they cannot save this proceeding by legislating after the fact. *Guy v. Nelson*, 202 Ga. 728 (4) (6) (44 SE2d 775) (1947), overruled on other grounds, *Collins v. Williams*, 237 Ga. 576, 577 (229 SE2d 388) (1976).

It follows then that the trial court properly held Section 42 of the city charter unconstitutional as applied to the mayor in this case.

2. The other rulings of the trial court are also affirmed.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 15, 1989.

*Dailey & Groover, Lewis M. Groover, Jr.,* for appellants.
*John E. Pirkle,* for appellee.