23  145<br>f129  114

Samuel  A.  Grier,  plaintiff in  error,  *vs.*  David  Ward, defendant in error.

[1.] If a person put his goods on another's land  without  the other's consent, the other has the right to remove them ; but he must exercise the right, so, as not to injure them unnecessarily.

[2.] If in such case, the owner of the goods gets them again, the amount of his damages, cannot exceed the actual injury to  the goods, and  the  expense of so getting them again.

[3.] Upon the party who is the plaintiff, is,  in general, the onus of proving the amount of his damage.

Trespass, in Randolph. Tried before Judge KIDDOO, at November adjourned Term, 1856.

This was an action of trespass brought by Daniel Ward, against Samuel A. Grier, for throwing four bales of cotton belonging to plaintiff into the Chattahoochee river.

It appeared that plaintiff was hauling his cotton to a ferry or landing on said river, and was driving through defendant's premises. Defendant met him and forbid him from going through his plantation, and ordered him back. Plaintiff turned round and went another way, but again came to defendant's enclosure, pulled down the fence and drove through down to the river, where he unloaded and left his cotton on the bank. Defendant ordered his negroes to go down and throw it down the bluff, but not at first into the river; afterwards upon being taunted by some one on the opposite side of the river, which he took to be plaintiff, he ordered his negroes to throw it into the river, which they did. The cotton floated down the river about four miles, but was not much injured; was taken from Col. Tony's landing by a steamboat down to Apalachicola, where it was sold. There was evidence going to show that the cotton belonged to one Davis, it was he that got the cotton and sent it to Apalachicola. Plaintiff brought suit for this trespass, and the jury found for him two hundred dollars.

Whereupon defendant moved for a new trial upon the following grounds, viz:

1st. Because the verdict is contrary to law:

2d. Because the verdict is contrary to evidence.

3d. Because the verdict is contrary to law and evidence.

4th. Because the Court erred in not permitting defendant's counsel to read the whole of the answer of James Grier, Jr., to the third cross interrogatory.

5th. Because the Court refused to charge as requested by defendant's counsel, that every unwarrantable entry on another's soil by breaking his close, the law considers a trespass,

and every trespass is *wilful* when the trespasser is warned not to come upon his land, and the owner of the soil has the right to the sole use and occupation of it, and every entry thereon without permission, and especially if contrary to the express orders of the owner, is a trespass.

[To this ground, the Judge adds a note, that he charged this to be the law, but at the same time charged that one trespass will not justify another.]

6th. Because the Court refused to charge the jury as requested by defendant's counsel "that if the evidence shows that the cotton was recovered, and there is no evidence of loss upon the sale, expense or trouble in recovering it, then the plaintiff is not entitled to recover, if the defendant has shown the recovery of the cotton, then the burden of proof is on the plaintiff, to show damage or loss;" but charged that if the defendant threw the cotton into the river, and it floated off, the jury would presume it was lost to the plaintiff, but whatever he afterwards realized from it, might be deducted from the damage.

7th. Because the Court refused to charge the jury as requested by defendant's counsel "That the jury may weigh the testimony of Tharp, and although the Court would not exclude it, yet the jury may take into consideration, that Tharp is a convict from the Penitentiary, and from that as any other circumstance, form their opinion of it, and give it such weight as they may think it deserves," but charged, that it was the province of the jury to judge of the credibility of witnesses, and weigh their testimony; that the fact of a witness having been in the Penitentiary, would not necessarily discredit him unless he had been convicted of a crime which from its nature would affect his credibility.

8th. Because the Court refused to charge the jury as requested, "That if they believed the act of hauling the cot-

ton and depositing it on defendant's land was a trespass, then defendant was justified in what he did."

9th. Because the Court refused to charge the jury as requested " that the law will justify the owner of the soil in repelling a trespasser, if one enters and deposits goods on the land of another, the law will justify the owner in expelling the person or removing the goods, and if the first trespass is wilfully done and against the forewarnings of the owner, then the law will justify the use of any means, however violent, that may be necessary and requisite to expel the intruder and remove his goods;" but charged, that the force necessary to *prevent* a trespass might be used, and defendant might have removed the cotton, but so as to do as little injury to the plaintiff as possible, that one trespass would not justify another; that if the plaintiff had committed a trespass on defendant's property, he ought to have resorted to the law for redress.

10th. Because the Court refused to charge the jury as requested, "That if they are satisfied from the evidence that plaintiff had sold the cotton to Davis, and Davis subsequently recovered it and sustained no loss on it, or expense or trouble in the recovery, that then there was no loss on the cotton," but on the contrary, charged that if Ward realized any thing from the cotton, that amount less the expense of its recovery should be deducted from the damages.

11th. Because the Court charged the jury that the trespass was an injury to the possession, and if they were satisfied that plaintiff had the cotton in his possession when the act was done, then the recovery of the cotton afterwards by Davis could not be considered unless the defendant showed that Davis had subsequently paid Ward for the cotton. That the cotton was taken out of Ward's possession, and it must be re-delivered to him, and when it was thrown into the river, Ward was not bound to make any effort or run any risk to recover it, but that Grier was bound to return it to the possession of the plaintiff.

12th. Because the damages are excessive.

13th. Because the verdict is clearly and manifestly against the weight of evidence.

14th. Because the Court erred in refusing each and all the charges asked for, and charging as it did.

After argument and consideration, the motion was overruled and a new trial refused, and counsel for defendant excepts.

Hood & Robinson, for plaintiff in error.

Tucker & Beall, for defendant in error.

*By the Court.*—Benning, J. delivering the opinion.

Ought the Court to have granted the motion for a new trial?

We think so. We think that the following propositions are true:

1st. That if Ward put the cotton on the land of Grier without Grier's consent, Grier had the right to remove the cotton from his land.

2dly. But, that Grier, in the exercise of this right, was bound not to injure the cotton unnecessarily.

3dly. That if the cotton belonged to Davis, Ward could not recover anything.

4thly. That if the cotton belonged to Ward, yet if, by himself or another, he got it again, he was not entitled to recover as much as the whole value of the cotton, but was, at best, entitled to recover only such a sum as would be sufficient to compensate him for the injury, if any, which the cotton had sustained in consequence of the act of Grier, and for the necessary expense, if any, of getting the cotton again.

5thly. That what this injury and expense, if any, amounted to, the onus was upon him to show.

[1.] It may be assumed, that the first and second of these propositions, are true.

As to the third, this at least may be assumed, that if the cotton belónged to Davis, Ward, if entitled to recover any thing, was not entitled to recover more than nominal damages; for the proof was, that Davis got possession of the cotton after the alledged trespass; and there was no proof, that Ward was at any trouble, or expense, in and about Davis's getting that possession.

But there was no proof, that what Grier caused to be done to the cotton injured the cotton at all, or put any body to any expense at all. The proof was rather the other way. And even if what Grier caused to be done to the cotton, had been followed by injury to the cotton, or expense to the owner of it, yet, Grier, would not have been liable to pay for such injury or expense, unless the injury or expense were greater than would have been the injury, or expense, that would have followed from Grier's exercising his right of removal of the cotton, in the most unexceptionable manner, had he exercised the right in that manner; and if the injury or expense were greater, he would have been liable to pay only for the excess.

Taking the state of the proof into consideration, we may, therefore, say that this third proposition is strictly true.

[2.] The fourth proposition will hardly be denied, when it is remembered, that the act of Ward, in depositing the cotton on the land of Grier, was itself a *willful* trespass; and that the act of Grier, in removing the cotton, was, at most but the assertion of his rights with two much recklessness. This being so, that Ward was not in a condition to ask for *vindictive* damages against Grier, will hardly be denied.

The fourth proposition gives him a right to *compensation;* it denies him nothing but *vindictive* damages, and perhaps its measure of *compensation* is too large. See latter part of the second paragraph on the third proposition.

It is a general rule, that, upon the party who is the plaintiff, lies the onus of proving the amount of his damage. We see nothing in the present case to take the case out of this

general rule. The fifth proposition, therefore, we take, to be true.

Now it is manifest, that if these propositions are true, some of the grounds of the motion for a new trial were well founded. It is unnecessary to specify which, or otherwise to notice those grounds more particularly, we grant a new trial, and what has been said will doubtless be sufficient, to go by on the new trial.

Judgment reversed.