## 33700. REINERTSEN v. PORTER et al.

BOWLES, Justice.

On November 18, 1976, the appellant parked his automobile at an unattended parking lot owned and operated by appellee, B. & B. Company. This lot was a metered lot with no full-time attendant on duty. That evening, when appellant returned to the parking lot he discovered that his automobile was missing. Appellant

---

[1]As to the production of a witness' written statement see *Stevens v. State,* 242 Ga. 34 (1978).

subsequently learned that it had been removed from the parking lot by a wrecker owned and operated by appellee, Atlanta Wrecker Service, and impounded by them in their lot because of appellant's failure to pay the required parking fee. After the appellant voluntarily paid a $32 towing and storage charge to Atlanta Wrecker Service his automobile was returned to him.

On December 13, 1976, appellant filed a two-count complaint in the State Court of Fulton County. In Count 1, appellant alleged that the appellees had wrongfully conspired to tow automobiles from their parking lots, ". . . charging unreasonable rates, for the specific purpose of reaping unilaterally set towing fees from the public and possibly splitting it between themselves, the whole scheme amounting to unjust enrichment and wrongful conversion." Appellant further alleged that the appellees had failed to comply with the provisions of Code Ann. § 85-203, which statute authorized parking lot owners to tow and impound illegally parked vehicles, continuously and wilfully abusing said statute for their own monetary gain.

Count 2 of appellant's complaint adopted the allegations of Count 1 and alleged that Code Ann. § 85-203 and Code Ann. § 67-2003 were unconstitutional in that they denied appellant his property without due process of law in violation of Art. I, Sec. I, Par. I of the Constitution of the State of Georgia (Code Ann. § 2-101) and Art. XIV, Sec. I of the Constitution of the United States (Code § 1-815).

Code Ann. § 85-203 provides as follows: "Any person entitled to the possession of any parcel or space of real property shall have the right to remove, or cause to be removed, therefrom any vehicle parked thereon not authorized to be parked at the place where it is found and to store, or cause to be stored, such vehicle at the expense of the owner thereof, *provided that there shall have been conspicuously posted on said real property notice that any vehicle parked thereon not authorized to be parked at the place where it is found may be removed* at the expense of the owner of such vehicle and information as to where such vehicle can be recovered. The person removing and storing such vehicle shall have a lien against same for the

expenses of such removal and storage. Such lien *may be asserted and enforced* and shall be entitled to the same priorities as that of special liens on personalty authorized by Section 67-2003 of the Code of Georgia, as amended." (Emphasis supplied.)

A hearing was held before the trial judge on appellees' oral motion to dismiss Count 2 of appellant's complaint. That motion was granted, the trial court finding Code Ann. § 85-203 not to be unconstitutional[1] and, after hearing evidence on Count 1 of appellant's complaint, the trial court directed the jury hearing the case to render a verdict in favor of appellees on that count.

Appellant appeals the trial court's dismissal of Count 2 of the complaint and asks this court to hold Code Ann. § 85-203 and Code Ann. § 67-2003, insofar as that statute applies to towing operators who claim liens for towing and storage charges pursuant to Code Ann. § 85-203, unconstitutional.[2] Appellant's constitutional attack of Code Ann. § 88-203 is twofold.

---

[1]The trial court's only expression concerning the constitutionality of Code Ann. § 85-203 was as follows: "... I don't think the statute should be stricken down in a trial court in the first instance. I think that the trial courts, unless it's an egregious situation where it is so apparent, but in a regulatory scheme like this, I think it would be assuming a lot to say in this case here, that I'm going to rule that the statute and the regulation is reasonable, and I find nothing in the statute itself that is unconstitutional."

[2]Appellant only requested the transcript of the motion proceedings for inclusion in the record. As no transcript of the evidence heard on Count 1 of appellant's complaint is made a part of the record before this court, we do not here decide whether the provisions of Code Ann. § 85-203 were complied with by appellees in the towing of appellant's automobile. This decision determines solely the constitutionality of the statutes attacked, assuming all of their terms were complied with.

1. First, appellant contends that the initial towing and impoundment of vehicles pursuant to this Code section, without prior notice or opportunity for a hearing, violates the due process guarantees of the United States and Georgia Constitutions.

Whenever a suit is brought against private individuals on the basis that they have taken actions which have allegedly violated the constitutional rights of another the question arises as to how the actions of the private individual could be limited by the provisions of the Constitution. There must be a determination of whether the private individual's actions constitute governmental or "state" action of a type regulated by the appropriate constitutional provision which the aggrieved party alleges has been violated. The due process clauses of the United States and Georgia Constitutions control only the action of states, not those of private individuals.

Due process of law is denied when an arm of the state acts directly against an individual's property and deprives him of it without notice or an opportunity to be heard. Thus, the requirements of "state" action can rarely be satisfied when the action is taken by one not a state official. Jobson v. Henne, 355 F2d 129 (2d Cir. 1965). While difficult factual situations have compelled some courts to enunciate extensions of this general rule, in every such case brought to the court's attention, either a state official was acting in concert with a private individual (Adickes v. Kress & Co., 398 U. S. 144 (90 SC 1598, 26 LE2d 142) (1969); Williams v. United States, 341 U. S. 97 (71 SC 576, 95 LE 774) (1950); Shelley v. Kraemer, 334 U. S. 1 (68 SC 836, 92 LE 1161) (1948)); or the state law compelled such action (Harrison v. Murphy, 205 FSupp. 449 (D. Del. 1962)); or *the power exercised was purely statutory as distinguished from common law or contractual origin* (DeCarlo v. Joseph Horne & Co., 251 FSupp. 935 (W. D. Pa. 1966); Klim v. Jones, 315 FSupp. 109 (N. D. Cal. 1970)). Conduct authorized by statute, *but without common law tradition,* would be taken under color of state law (cf. Warren v. Cummings, 303 FSupp. 803 (D. Colo. 1969)), whereas a statute which is a codification of the common law would involve no such state action. See Kirksey v. Theilig, 351 FSupp. 727 (D.

Colo. 1972); Greene v. First Nat. Exchange Bank, 348 FSupp. 672 (W. D. Va. 1972); Messenger v. Sandy Motors, Inc., 121 N. J. Super. 1 (295 A2d 402) (1972).

At common law in Georgia a landowner had the right to remove property of others which had been left on his land without his consent, provided he used due care not to damage the property upon its removal. *Grier v. Ward,* 23 Ga. 145 (1857); Pindar, Ga. Real Estate Law, § 14-2 (1971). In the instant case, it is without doubt that the appellee, B. & B. Company, had the right, under common law, to remove appellant's vehicle from their private property upon the nonpayment of parking fees.[3]

The statute being attacked in the instant case, Code Ann. § 85-203, is merely a codification of the common law. Although it does·require the property owner to conspicuously post a sign notifying those parked on the property that their vehicle is subject to removal, and where such property may be recovered, this added statutory requirement was intended to aid the aggrieved party in the recovery of his vehicle, and does not in any way alter or change what was allowed at common law. The removal and impoundment by private individuals of illegally parked vehicles on their private property is conduct that, although being authorized by statute, has a long tradition at common law, and therefore, such conduct is not taken under color of state law. There is no "state action" involved in the removal of vehicles pursuant to Code Ann. § 85-203.

In all of the cases cited by the appellant the seizures were effected by officers or through court processes. For example, in Remm v. Landrieu, 418 FSupp. 542 (E. D.

---

[3]Under our criminal code, a person who knowingly and without authority enters a parking facility without payment of the required parking fee or the owner's permission may commit criminal trespass, a misdemeanor in this state. Code Ann. § 26-1503 (b). In such instances, the landowner may use force, such as towing the vehicle, in order to terminate the trespass. Code Ann. § 26-904 (a).

La. 1976), the statute there attacked authorized any *"Police officer* or duly authorized person" to cause to be removed and impounded at the city auto pound any unoccupied vehicle found violating any traffic law. In a similar case, Stypman v. City &c. of San Francisco, 557 F2d 1338 (9th Cir. 1977), the statute attacked authorized the towing and impoundment of a vehicle provided the tow was *directed by a police officer* who found the vehicle "obstructing traffic, reported stolen, blocking a private entrance, blocking a fire hydrant, or left four hours on a freeway . . ." Id. p. 1340, n. 2. Again, in Tedeschi v. Blackwood, 410 FSupp. 34 (D. Conn. 1976), the statute attacked permitted *police officers* to remove vehicles when abandoned, unregistered or dangerously parked. All of these cases involve direct action by the state, through their state officers, in the removal of a person's private property. See also, Steiner v. City of New Orleans, 173 La. 275 (136 S 596) (1931); Seals v. Nicholl, 378 FSupp. 172 (N. D. Ill. 1973); Stephens v. Tielsh, Civil no. 73-73C2 (W. D. Wash. 1974) (unpublished opinion cited in Remm v. Landrieu, supra.)

The statute attacked in the instant case, Code Ann. § 85-203, being a codification of a common law right, and no direct action by the state having been used in the removal of appellant's property pursuant to said statute, we find no "state action" involved and, therefore, no due process violation in the initial tow and impoundment of the vehicle.

2. Appellant's second contention is that the assessment of towing and storage charges through the creation and enforcement of a lien on the property, pursuant to Code Ann. § 67-2003, insofar as that statute applies to towing operators under Code Ann. § 85-203, violates the due process guarantees of the United States and Georgia Constitutions.

Immediately after his automobile was towed the appellant went to appellee, Atlanta Wrecker Service, and tendered the $32 towing and storage fee. His automobile was returned to him. Though a lien was created on appellant's vehicle immediately upon its towing and impoundment for an amount of $32, that lien was extinguished by appellant's *voluntary* payment of the

charges demanded and, therefore, the lien which could be created under Code Ann. § 67-2003, pursuant to Code Ann. § 85-203, was never enforced. The provisions of Code Ann. § 67-2003 were never used by appellees in the recovery of fees for the towing and storage of appellant's vehicle.

"Before a statute can be attacked by anyone on the ground of its unconstitutionality, he must show that its enforcement is an infringement upon his right of person or property, and that such infringement results from the unconstitutional feature of the statute upon which he bases his attack. [Cits.] He must show that the alleged unconstitutional feature of the statute injures him, and so operates as to deprive him of rights protected by the Constitution of this State or by the Constitution of the United States, or by both . . . 'As has been often pointed out, one who seeks to set aside a state statute as repugnant to the Federal Constitution must show that he is within the class with respect to whom the act is unconstitutional, and that the alleged unconstitutional feature injures him.' " *South Ga. Natural Gas Co. v. Ga. Public Service Comm.,* 214 Ga 174 (1) (104 SE2d 97) (1958); *Lott Invest. Corp. v. Gerbing,* 242 Ga. 90 (1978); *Collins v. Williams,* 237 Ga. 576 (2) (229 SE2d 388) (1976); *Bryant v. Prior Tire Co.,* 230 Ga. 137, 138 (196 SE2d 14) (1973).

Appellant, having paid the charges demanded by appellee, Atlanta Wrecker Service, and having had his vehicle returned to him, has not been harmed by any deficiency in Code Ann. § 67-2003 and is not in a position to attack its constitutionality on grounds that it denied him notice and an opportunity to be heard prior to the enforcement of the lien.

For the reasons as stated in Divisions 1 and 2 of this opinion we find that the trial court properly dismissed Count 2 of appellant's complaint.

*Judgment affirmed. All the Justices concur.*

ARGUED JUNE 20, 1978 — DECIDED NOVEMBER 30, 1978.

*Leon L. Rice, III, Charles M. Hall,* for appellant.

*Rubin & Appell, Martin H. Rubin, B. J. Smith,* for appellees.