40870. EVANS et al. v. HARLEY HOTELS, INC.
(315 SE2d 896)

BELL, Justice.

Appellants, lodgers in appellee's hotel, incurred a substantial telephone bill, and appellee demanded payment. When appellants did not pay, appellee barred them from their room and retained their personal belongings. Appellants then paid the bill, regained their belongings, and brought suit seeking compensatory and punitive damages for trespass. Appellee moved for summary judgment on the ground that its self-help was authorized by our statutes providing for the creation of innkeepers' liens, OCGA § 43-21-5, and their enforcement, OCGA § 43-21-6.

Appellants stipulated that appellee had complied with OCGA Ch. 43-21, but amended their complaint to allege that OCGA §§ 43-21-5 and 43-21-6 are violative of our State and federal due process clauses because they do not mandate notice or the opportunity for a judicial hearing prior to an innkeeper's seizure of his guest's property. Appellants prayed for the court to declare OCGA §§ 43-21-5 and 43-21-6 unconstitutional, and, based on the alleged voidness of these sections,

moved in limine for the court to prohibit appellee from relying upon them to justify its detention of appellants' property. In response, appellee argued that private enforcement of its lien did not entail State action, and that due process guarantees were therefore inapposite. The trial court granted summary judgment to appellee, ruling that the Code sections in question are not unconstitutional.

The dispositive issue in this case is whether appellee may be deemed a state actor for the purpose of the Fourteenth Amendment.[1] As we have previously observed, "[w]henever a suit is brought against private individuals on the basis that they have taken actions which have allegedly violated the constitutional rights of another the question arises as to how the actions of the private individual could be limited by the provisions of the Constitution. There must be a determination of whether the private individual's actions constitute governmental or 'state' action of a type regulated by the appropriate constitutional provision which the aggrieved party alleges has been violated. The due process clauses of the United States and Georgia Constitutions control only the action of states, not those of private individuals." *Reinertsen v. Porter*, 242 Ga. 624, 627 (250 SE2d 475) (1978). Accord, Flagg Brothers, Inc. v. Brooks, 436 U. S. 149, 157 (98 SC 1729, 56 LE2d 185) (1978); Lugar v. Edmondson Oil Co., 457 U. S. 922 (102 SC 2744, 2754, 73 LE2d 482) (1982).

It is appellants' contention that, even though appellee effected the actual seizure of their property without overt assistance from the State, the State's statutory authorization of that conduct, coupled with judicial ratification, transformed the seizure into State action. However, we find that this argument has already been considered and rejected by the United States Supreme Court. Flagg Brothers v. Brooks, supra, 436 U. S. 149. In that case, plaintiffs brought a class action under 42 USC § 1983, challenging on Fourteenth Amendment grounds a provision of the New York Uniform Commercial Code which authorized warehousemen to sell goods entrusted to them for storage when storage charges were not paid. The Supreme Court granted certiorari to review the dismissal of the suit for failure to state a claim, and the subsequent reversal of that dismissal on appeal. Laying the foundation for its review, the Court first considered the question of defining the necessary elements of the plaintiffs' action, and held that, since plaintiffs were alleging that a private party had deprived them of their Fourteenth Amendment right to be free of state deprivations of property without due process of law, they had the burden of "establish[ing] not only that Flagg Brothers acted

---

[1] Although appellants nominally bring their challenge under both the State and federal due process clauses, the substance of their argument is directed solely to the Fourteenth Amendment, and we therefore confine our attention to it.

under color of the challenged statute, but also that its actions [were] properly attributable to the State of New York." Flagg Brothers, supra, 436 U. S. at 156.

Examining the pleadings and arguments, the Court concluded that plaintiffs had not shown that the proposed sale was fairly attributable to New York. One of plaintiffs' contentions in this regard was that the proposed sale was attributable to the state because it had authorized and encouraged the sale by enacting the disputed provision of the Uniform Commercial Code. Flagg Brothers, supra, 436 U. S. at 168. In disallowing that argument, the Court recognized its earlier cases which hold that the state is responsible for the act of a private party when the state has *legally compelled* that act. Id. However, the Court distinguished those cases, observing that New York had merely *acquiesced* in a private deprivation of property by "announc[ing] the circumstances under which its courts will not interfere with a private sale." Id. at 166.

We think that the interpretation of the Fourteenth Amendment employed in Flagg Brothers is clearly applicable in the present case. However, appellants contend that Flagg Brothers is not controlling on this issue, for the reason that they have brought their suit under the Civil Rights Act of 1871, 42 USC § 1983, and that a more recent decision of the Supreme Court, Lugar v. Edmondson Oil, supra, 457 U. S. 922, has allegedly eased the burden of civil rights plaintiffs to show state action. There are two reasons this argument fails. First, our own review of the record shows that, contrary to appellants' contention, they did not assert a civil rights claim below, and therefore may not rely upon it on appeal. *Gerald v. Ameron Automotive Centers*, 145 Ga. App. 200 (243 SE2d 565) (1978). Second, our reading of Lugar v. Edmondson Oil directly contradicts appellants' interpretation of the import of that case. Instead of attenuating the Supreme Court's earlier application of the state action doctrine in Flagg Brothers, we find that Lugar v. Edmondson Oil manifestly reaffirms it. See Lugar v. Edmondson Oil, supra, 457 U. S. at 938-939.

Determination of the existence of state action is necessarily a fact-bound inquiry, Lugar v. Edmondson Oil, supra, 457 U. S. at 939, but, having compared the facts and circumstances of the present lawsuit with those of Flagg Brothers, we find no significant difference between the two. Here, the sole action attributable to the State is the General Assembly's enactment of statutes announcing the circumstances under which the courts of this State will not interfere with the private enforcement of innkeepers' liens. We therefore conclude that appellants have not established a violation of their due process rights, and that the trial court did not err in granting summary judgment to appellee.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 22, 1984 — REHEARING DENIED JUNE 12, 1984.

*William L. Skinner,* for appellants.
*Murray & Temple, Keith A. Royal, William D. Strickland,* for appellee.