30068.    McNABB *v.* THE STATE.

DECIDED SEPTEMBER 29, 1943.

*James R. Venable, Frank A. Bowers,* for plaintiff in error.

*John A. Boykin,* solicitor-general, *E. E. Andrews, Durwood T. Pye,* contra.

BROYLES, C. J.    J. H. McNabb was convicted of burglary.    The indictment charged also that previously he had been convicted of two other felonies, and sentenced in each of those cases to confinement and labor in the penitentiary.    One of those cases was larceny of an automobile, and the other was unlawfully possessing burglary tools.    On the trial now under review the prosecution introduced in evidence certified copies of the record of the defendant's previous convictions and sentences, which showed also that both convictions and sentences occurred before the commission of the burglary for which the defendant was then on trial.

In grounds 5 and 6 of the motion for new trial the admission in evidence of the above-mentioned records is assigned as error, on the ground that they would put "the defendant's character in issue and be in violation of both the State and Federal constitutions, which would deprive the defendant of a trial by an impartial jury; therefore being inadmissible and incompetent." The grounds are without merit. "If any person who has been convicted of an of- fense and sentenced to confinement and labor in the penitentiary shall afterwards commit a crime punishable by confinement and labor in the penitentiary, he shall be sentenced to undergo the longest period of time and labor prescribed for the punishment of the offense of which he stands convicted." Code, § 27-2511. This section "does not violate paragraph 5 of section 1 of article 1 of the constitution of this State, which guarantees to one accused of crime an impartial trial. The general rule is, that, in a prosecu- tion for a particular crime, proof and allegations of another crime wholly independent from that for which the defendant is on trial, even though it be a crime of the same nature, are irrelevant and inadmissible; but to this rule there are exceptions. *Williams* v. *State,* 152 *Ga.* 498, 521 (110 S. E. 286). One of these exceptions is where the grade or punishment of the second offense is made by statute different from that of a first offense, . . [but] the fact of a former conviction and sentence must be charged in the indictment where a second conviction would affect the grade of the offense or require the imposition of a different punishment." *Trib- ble* v. *State,* 168 *Ga.* 699 (2, 3) (148 S. E. 593).

A ground of the motion for new trial assigns error on refusal by the court to grant a continuance of the case, on the ground of the absence of two of the defendant's witnesses. Upon the hearing of the motion it appeared that neither of said witnesses was under subpœna. Therefore the movant had failed to meet one of the essential requirements of the Code, § 81-1410; and this court can not hold that the court abused its discretion in overruling the mo- tion. *Williams* v. *State,* 69 *Ga.* 11 (3); *Morris* v. *State,* 66 *Ga. App.* 37 (16 S. E. 2d, 908). Furthermore, the evidence showed that the defendant had been released on bond about a month before the date set for his trial, and had employed his counsel about a month before that date, and the case had been assigned for trial two weeks before the date set for the trial, and his counsel had

knowledge of said assignment ten days before the trial. Under these circumstances the court was authorized to find that the defendant and his counsel had not employed sufficient diligence to obtain the presence of the witnesses.

The ground of the motion complaining of the refusal of a request to charge the jury that, if they found the defendant guilty, they might recommend that he be punished as for a misdemeanor, is obviously without merit,. since, under the facts of the case, if the jury found the defendant guilty of the offense charged, it was mandatory upon them to give him the longest period of time and labor prescribed for the punishment of that offense. *Hinkle* v. *State,* 168 *Ga.* 765 (5) (149 S. E. 49).

Another ground assigns error on an excerpt from the charge to the jury, on the ground that the court failed to charge that "there must be other independent testimony, other than that of the accomplice, in order to warrant a conviction of the defendant." In the instruction excepted to the court charged that in a felony, "where the one other witness is an accomplice, the testimony of the witness is not in itself sufficient to convict a party charged with crime. Under the law, the testimony, in order ·to authorize you to convict in such a case, must be corroborated. The extent of the corroborative testimony is entirely a question for you." Thus it appears that the court did charge the principle that evidence independently of the testimony of the accomplice was necessary for a conviction. If counsel for the accused desired the judge to employ the particular word "independent," he should have submitted a written request therefor. If elaborations of general law principles are desired, they must be requested. *Hood* v. *State,* 67 *Ga. App.* 291 (2) (19 S. E. 2d, 927).

The general grounds of the motion for new trial are expressly abandoned in the brief of counsel for the plaintiff in error, and therefore they are not considered. The denial of a new trial was not error.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*