## 32945. SEABOLT v. HOPPER.

BOWLES, Justice.

We granted petitioner's application for a habeas corpus appeal to consider whether the Supreme Court's

decision in Connally v. Georgia, 429 U. S. 245 (97 SC 546, 50 LE2d 444) (1977), necessitates petitioner's discharge because he was arrested pursuant to a warrant issued by a justice of the peace under the former fee system.

In Connally, supra, the defendant moved to suppress evidence that had been seized during a search of his house pursuant to a warrant issued by a justice of the peace. The defendant contended that the justice of the peace who had issued the warrant was not a neutral and detached magistrate, as required by the Fourth and Fourteenth Amendments of the United States Constitution, since under our laws at that time[1] the justice was not salaried but received a fee of $5 when the search warrant was issued and no fee when the warrant was denied. Defendant's motion to suppress was denied, and he was subsequently convicted. On appeal to this court we affirmed. *Connally v. State,* 237 Ga. 203 (227 SE2d 352) (1976). On appeal, the United States Supreme Court vacated our judgment, remanded the case,[2] holding that our statutory system for the issuance of search warrants by justices of the peace violated protections afforded by the Fourth and Fourteenth Amendments, since under such a system, the defendant is subjected to judicial action not by a neutral and detached magistrate, but instead by a court officer who has a direct, personal, substantial, and pecuniary interest in his decision to issue but not to deny the search warrant.

Petitioner contends that his arrest was illegal solely because it was executed pursuant to a warrant that had been issued by a justice of the peace under the former fee system. There was no testimony at his habeas hearing regarding the seizure of any evidence connected with his conviction.

It is well settled that an illegal arrest or detention does not void a subsequent conviction. Gerstein v. Pugh,

---

[1] Apparently the defect has now been corrected by Ga. L. 1977, p. 196, amending Code Ann. § 24-1601; and Ga. L. 1977, p. 199, amending Code Ann. § 27-2932.

[2] Upon remand Connally's conviction was reversed. *Connally v. State,* 238 Ga. 403 (233 SE2d 329) (1977).

420 U. S. 103, 119 (95 SC 854, 43 LE2d 54) (1975); Frisbie v. Collins, 342 U. S. 519 (72 SC 509, 96 LE 541) (1951); Ker v. Illinois 119 U. S. 436 (7 SC 225, 30 LE 421) (1886).

As was stated by this court in *Johnson v. Plunkett,* 215 Ga. 353 (5) (110 SE2d 745) (1959), "Any defect or irregularity in the prior arrest or imprisonment of the petitioner, even if there were such, would in no wise affect the jurisdiction of the court trying him; and the record disclosing that the petitioner has been indicted, tried, convicted, and sentenced for the offense . . . , the trial court did not err in remanding the petitioner to the custody of respondents, and in denying the writ of habeas corpus." *Holder v. Beavers,* 141 Ga. 217 (80 SE 715) (1913); *Reid v. Perkerson,* 207 Ga. 27 (3) (60 SE2d 151) (1950); *Ballard v. Smith,* 225 Ga. 416 (4) (169 SE2d 329) (1969); *Griffin v. Smith,* 228 Ga. 177 (6) (184 SE2d 459) (1971).

Assuming, arguendo, petitioner's arrest may have been illegal, in light of Connally, supra, it does not necessitate a reversal of his conviction. The habeas court did not err in denying petitioner's relief.

*Judgment affirmed. All the Justices concur.*

SUBMITTED OCTOBER 28, 1977 — DECIDED NOVEMBER 8, 1977.

Johnny L. Seabolt, *pro se.*

*Arthur K. Bolton, Attorney General, Isaac Byrd, Assistant Attorney General,* for appellee.