33650. WEAVER v. THE STATE.

JORDAN, Justice.

This appeal is from an order overruling the appellant's motion to quash an indictment which alleged that on September 2, 1977, the appellant "having been declared a habitual traffic violator by the Department of Public Safety of the State of Georgia and having had his permit to operate a motor vehicle in this State suspended for a period of five years as of April 4, 1977, did thereafter operate a motor vehicle on a public road and highway known as Fields Avenue, Dalton, Whitfield County, Georgia, . ."

1. The appellant asserts that the indictment is

insufficient to indict him as a habitual criminal because it does not set out his prior convictions. He relies on *Riggins v. Stynchcombe,* 231 Ga. 589, 592 (203 SE2d 208) (1974), which held: "For one to receive recidivist punishment he must have been indicted under a recidivist statute, his prior convictions having been considered by the Grand Jury and having been included in the indictment. In short, one cannot be indicted by a Grand Jury for only one offense carrying a maximum punishment, and then have that maximum punishment increased at the election of the state's prosecuting officers."

The *Riggins* case, supra, was dealing with an indictment under Code Ann. § 26-1813 (b) (Ga. L. 1968, pp. 1249, 1295; 1969, pp. 857, 861), which provides for an increase in the length of the sentence for the conviction of the theft of a motor vehicle, or any part or component of the value of $100 or more, where the offender has been previously convicted of such crime. That statute has distinctly different features from the habitual violator statute under which the appellant was indicted.

Code Ann. § 68B-308 (Ga. L. 1975, pp. 1008, 1032; 1977, pp. 307, 308) states how the Department of Public Safety determines that a driver on the highways of this state is a "habitual violator." Code Ann. § 68B-308 (c) provides that after a person has received notice that his driver's license has been revoked as a habitual violator, it shall be unlawful for him to operate a motor vehicle in this state. On conviction of operating a motor vehicle while his license is thus revoked, he shall be punished by confinement in the penitentiary for not less than one, nor more than five years, and no portion of the sentence may be suspended, rebated, or probated.

The indictment in the present case is not deficient because it fails to set out the appellant's prior convictions. It states that he is a habitual violator, which gives notice that his past record of traffic offenses will be used to prove the commission of the crime. The punishment cannot be increased at the election of the prosecutor by the introduction of the record of former offenses, as denounced in the *Riggins* case, supra. The very essence of the crime is driving after being declared a habitual violator, and this is plainly stated in the indictment.

2. The appellant contends that Ga. L. 1975, pp. 1008, 1032 (Code Ann. § 68B-308 (a)), violates due process in its notice to a driver that he is a habitual violator, as follows: "Notice shall be given by certified mail, with return receipt requested; or in lieu thereof notice may be given by personal service upon such person."

The appellant attacks the method of service by certified mail, and cites Bell v. Burson, 402 U. S. 535 (91 SC 1586, 29 LE2d 90) (1971), wherein the Supreme Court of the United States held that the license of a driver could not be summarily suspended for failure to post security following an accident, but that the state must afford notice and hearing appropriate to the nature of the case before the termination of the license becomes effective. The decision did not deal with the method of notice required.

In Dixon v. Love, 431 U. S. 105 (97 SC 1723, 52 LE2d 172) (1977), the United States Supreme Court dealt with an Illinois statute authorizing the revocation of licenses of motorists repeatedly convicted of traffic offenses, and found that the statute afforded due process, as against the contention that the motorist was entitled to an administrative hearing prior to revocation of the license. The Illinois statute authorized notice by mail. Dixon v. Love, supra, distinguished Bell v. Burson, supra, as to the revocation or suspension of a license prior to administrative hearing on the basis of the public interests of administrative efficiency and highway safety.

We find that the provision for notice in Code Ann. § 68B-308 (a) affords due process in the administrative function of giving notice that a driver's license is revoked as a habitual violator.

An essential element of the offense with which the appellant is charged is that he operated a motor vehicle after receiving notice that his license had been revoked. Code Ann. § 68B-308 (c). On the trial of the case the state will have the burden to prove such notice.

*Judgment affirmed. All the Justices concur.*

ARGUED JUNE 19, 1978 — DECIDED
SEPTEMBER 5, 1978.

*Kinney, Kemp, Pickell, Avrett & Sponcler, Allen F. Wallace,* for appellant.

*Charles A. Pannell, Jr., District Attorney, Stephen A. Williams, Assistant District Attorney,* for appellee.

*Arthur K. Bolton, Attorney General, Kirby G. Atkinson, Assistant Attorney General,* amicus curiae.