## 59492. BOLLEN v. THE STATE.

SMITH, Judge.

Appellant was convicted of 1) driving under the influence of alcohol and 2) operating a motor vehicle in violation of Code § 68B-308 (c). We affirm.

1. In his first enumeration of error, appellant asserts that the trial court "erred in overruling the defendant's objection to the State's reference during opening and closing arguments and during trial to the defendant's alleged Habitual Violator status on the grounds that it unduly and unnecessarily prejudiced the jury in its fact finding duty regarding matters unrelated to recidivism." We disagree.

"The very essence of the crime [of which appellant has been convicted] is driving after being declared a habitual offender . . ." *Weaver v. State,* 242 Ga. 8, 9 (247 SE2d 749) (1978). Appellant can hardly be said to have been prejudiced by proof of and comment upon the fact that he has been declared an habitual violator.

We are aware of no requirement of a bifurcated trial in a prosecution under Code § 68B-308 (c). Code § 68B-308 (c) is not, as appellant contends, a recidivist statute within the meaning of *Riggins v. Stynchcombe,* 231 Ga. 589 (203 SE2d 208) (1974). *Weaver v. State,* supra at 9.

2. The trial court did not err in denying appellant's motion for directed verdict. Contrary to appellant's assertions, the state was not required to prove the previous convictions which led to his being declared an habitual violator. *Flakes v. State,* 243 Ga. 699 (256 SE2d 379) (1979).

3. In his final enumeration of error, appellant contends that the trial court erred in permitting the state to "conclusively presume that the defendant was indeed an habitual violator from proving the mere fact that he had received notice that he had been declared one." This contention is based on the erroneous assumption that a conviction under Code § 68B-308 (c) must be based upon proof of prior traffic offenses. As explained in Division 2 of this opinion, such proof is immaterial in a prosecution under Code § 68B-308 (c). *Flakes v. State,* supra.

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

SUBMITTED FEBRUARY 5, 1980 — DECIDED JUNE 11, 1980 — REHEARING DENIED JULY 7, 1980 —

*Anthony R. DeStefano,* for appellant.

*F. Larry Salmon, District Attorney, Stephen F. Lanier,*

*Assistant District Attorney,* for appellee.