## 36010. HARDISON v. SHEPARD.

CLARKE, Justice.

The Department of Public Safety revoked Shepard's driver's license on the ground that he was a habitual violator as defined by § 68B-308 (b)(2). This section allows for revocation of a license if the driver has accumulated at least 15 moving violations in a five-year period. After pursuing an unsuccessful administrative hearing, Shepard filed a de novo appeal in the superior court as provided by § 68B-315. He contended that he was not a habitual violator as defined by the Code and challenged the constitutionality of Code Ann. § 68B-308, the habitual violator statute.

The evidence produced at the hearing showed there were exactly 15 moving violations in a five-year period. One of those 15 was a conviction for violating § 68A-801 by driving too fast for conditions. Chapter 68A-8 is the section of the Uniform Rules of the Road enacted in 1975, Ga. L. 1975, p. 1582, which relates to speed restrictions and sets maximum and minimum speeds. Section 68A-801 is entitled "Basic Rules" and provides in part: "No person

shall drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard for the actual and potential hazards then existing." The trial court ruled the conviction for driving too fast for conditions could not be considered as one of the 15 traffic offenses because § 68A-801 is unconstitutionally vague and indefinite. Consequently, there were not sufficient offenses in a five-year period to hold Shepard was an habitual violator as defined in § 68B-308, and the court ordered the driver's license to be reinstated.

Hardison, the Commissioner of Public Safety, appeals alleging the lower court was without jurisdiction to rule on the constitutionality of § 68A-801, and that even if the issue was properly before the court, the judge erred in finding the statute to be unconstitutional.

1. In *Cofer v. Cook,* 141 Ga. App. 646 (234 SE2d 185) (1977), the court found a collateral attack under § 81A-160 (a) proper in a license suspension case where the conviction on which the suspension was based was void on its face. The underlying conviction had been based upon a repealed, and therefore unenforceable, ordinance. While the appellate courts of this state have held statutes with language similar to that of the present § 68A-801 to be unconstitutionally vague, see *Carter v. State,* 12 Ga. App. 430 (78 SE 205) (1913); *Howard v. State,* 151 Ga. 845 (108 SE 513) (1921), we find the trial court erred in holding this statute void on its face.

In the context of the present case, it is impossible to determine the nature of the conduct which gave rise to the charge of driving too fast for conditions. "It is well established that vagueness challenges to statutes which do not involve First Amendment freedoms must be examined in light of the facts of the case at hand." United States v. Mazurie, 419 U. S. 544, 550 (95 SC 710, 42 LE2d 706) (1975). Since the statute could not be declared void for vagueness on its face, the court below erroneously excluded this violation *on constitutional grounds* in considering whether or not the department had shown sufficient evidence to prove Shepard was an habitual violator.

2. The appellee's complaint in the proceeding below alleged the habitual violator statute, Ga. L. 1975, pp. 1008, 1032 (Code Ann. § 68B-308) violates the due process requirements of notice and hearing of the Fourteenth Amendment of the United States Constitution and of Art. I, Sec. I, Par. I of the Georgia Constitution.

Section 68B-308 (a) provides that when the records of the department reveal a person to be an habitual violator, ". . . the department shall forthwith notify such person that upon the date of notification such person has been declared by the department to be an habitual violator, and that henceforth it shall be unlawful for said habitual violator to operate a motor vehicle in this State . . . In the

event that at the time of determination the habitual violator had been issued a driver's license, such license shall be thereby revoked and shall be surrendered to the department within 10 days of notification of such determination." Appellee challenges the right of the state to revoke his license prior to holding an administrative hearing. He requested and received an administrative hearing within 30 days of the department's notice of revocation.

In *Weaver v. State,* 242 Ga. 8 (247 SE2d 749) (1978), we held that the notice provisions in § 68B-308 met the constitutional standards of due process, relying on the case of Dixon v. Love, 431 U. S. 105 (97 SC 1723, 52 LE2d 172) (1977). Dixon involved a due process challenge to a statute authorizing revocation prior to an administrative hearing. As in our statute, revocation was automatic once a certain number of convictions were obtained against a driver, and then an administrative hearing could be requested. The court found that due to the public interest in keeping dangerous drivers off the roads and the need for administrative efficiency, a pre-revocation hearing was unnecessary since the licensee's rights were protected by adequate post-revocation proceedings.

We find that the Georgia scheme of administrative appeal and de novo review in the superior court meets the due process hearing requirements of the state and federal constitutions. In addition the provisions of § 68B-308 (a) are held to be a reasonable condition to the acceptance of a driver's license.

3. Although we hold the constitutional challenges to be without merit, we affirm the trial court's reinstatement of the license because we find the department has not produced evidence that Shepard is an habitual violator as required by law. There are several grounds upon which and procedures by which a driver's license may be revoked or suspended. Among them are the accumulation of points for traffic violations (Code Ann. § 68B-307 (a)(1)), incapacity (Code Ann. § 68B-307 (a)(2)), and conviction of certain offenses (Code Ann. § 68B-305). Another ground upon which a license may be revoked is the one utilized in this case. The department found Shepard to be an habitual violator as defined in § 68B-308 (b)(2). That section covers any person who has been convicted "Fifteen or more times of moving traffic offenses as contained in Title 68A of the Georgia Code including those covered in (b)(1) of this subsection, or in the law of any other State, or in a valid municipal or county ordinance, substantially conforming to or paralleling a similar law of Georgia, which offenses are required to be reported to the department, *and the commission of which offenses,* singularly or in combination with any other offense, or offenses, *statutorily requires the cancellation, suspension,* or revocation of an operator's license by the department,

or the commission of which offenses singularly *or* in combination with any other offense or offenses *authorizes* a court or the department to impose *suspension or revocation* of a driver's license." (Emphasis supplied.)

Chapter 68B-3 of the Code sets out the circumstances and offenses for which a license may be cancelled, suspended or revoked. Section 68B-305 lists those offenses which singularly require automatic suspension upon conviction. Section 68B-307 gives the department the authority to suspend and revoke licenses of habitually dangerous or negligent drivers. Section 68B-307 (b) provides in part: "For the purpose of identifying habitually dangerous or negligent drivers and habitual or frequent violators of traffic regulations governing the movement of vehicles, the department shall assess points, as provided in subsection (c), for convictions of violations of the provisions of Title 68A . . ." Subsection (c) lists 8 offenses, assigning a number of points, ranging from 2 to 7 to each offense. Any combination of convictions which adds up to 15 points in a 24-month period results in suspension of the license.

A conviction for driving too fast for conditions, as well as certain other violations of 68A, is not set out in § 68B-307 as an offense for which points may be assigned, nor is it an offense which by itself would authorize cancellation, revocation or suspension. Therefore, it is not a conviction which "singularly or in combination with any other offense or offenses, statutorily requires the cancellation, suspension or revocation . . . or authorizes a court or the department to impose suspension or revocation of a driver's license" as required by § 68B-308 (b)(2).

When the department brought this action declaring the appellee to be an habitual violator under § 68B-308(b)(2), they listed 16 offenses, 15 of which met the definition of § 68B-308 (b) (2), as they were all offenses listed in § 68B-307. However, one of those convictions was not within the five-year period as required by § 68B-308 and the department agreed it could not be used in that proceeding. We hold that the conviction for driving too fast for conditions could not be used, because to be declared an habitual violator under § 68B-308 (b)(2), the 15 violations must be violations which would have otherwise authorized revocation, suspension or cancellation. Therefore, the reinstatement of the license in this case was proper. This holding does not, however, preclude the Department of Public Safety from revoking or suspending Shepard's driver's license under other applicable statutes should it be justified by the facts.

*Judgment affirmed. All the Justices concur, except Jordan, P.*

200

*J., who concurs in the judgment only.*

ARGUED MARCH 12, 1980 — DECIDED
JULY 16, 1980 —
REHEARING DENIED JULY 30, 1980.

Arthur K. Bolton, Attorney General, Daryl A. Robinson, *Assistant Attorney General,* for appellant.

Jones & VanGerpen, D. Richard Jones, III, Charles B. Rice, for appellee.