## 60387. MILLER v. THE STATE.

QUILLIAN, Presiding Judge.

Defendant appeals his conviction of operating a motor vehicle after his driver's license had been revoked as an habitual offender. *Held:*

Defendant's sole contention is that his motions for a directed verdict and a new trial were improperly denied because the evidence demanded a verdict of acquittal as a matter of law.

The undisputed evidence was that defendant had been declared an habitual offender and his driver's license was revoked. Thereafter, a police officer driving west on a four-lane road observed an automobile stopped in the center east-bound lane. Defendant, who was not known to the officer, was standing in the road behind the car talking to another person. When the officer turned around and came back toward the stopped car to see what the problem was with his blue lights on for safety, defendant got into the car, which had no one else in it, and drove away rapidly. Using his blue lights and at one time his siren, the officer chased defendant for several blocks and down several streets until defendant pulled into a driveway by a house and hurriedly began to get out. The officer arrested defendant and took him to the police station.

126

Defendant argues that the officer had no probable cause to pursue and arrest him and that therefore any evidence discovered by the officer after the pursuit started was inadmissible, leaving insufficient evidence to sustain the conviction. We do not agree and affirm.

The officer's undisputed testimony that he saw defendant drive away in an automobile as he approached coupled with evidence that defendant's driver's license had been revoked as an habitual offender was sufficient to authorize a rational jury to find guilt beyond a reasonable doubt. Assuming, without deciding, that defendant was subsequently illegally arrested by the officer, the conviction would not be invalidated as no evidence stemming from the arrest was necessary for conviction and "[i]t is well settled that an illegal arrest or detention does not void a subsequent conviction. [Cits.]" *Seabolt v. Hopper,* 240 Ga. 171, 172 (240 SE2d 57).

*Judgment affirmed. Shulman and Carley, JJ., concur.*

SUBMITTED SEPTEMBER 15, 1980 — DECIDED OCTOBER 16, 1980.

*T. Dorsey Yawn,* for appellant.
*Joseph H. Briley, District Attorney,* for appellee.