61983. HESTER v. THE STATE.

CARLEY, Judge.

Appellant appeals his conviction of one count of operating a motor vehicle after being declared a habitual violator under Code Ann. § 68B-308 and one count of driving under the influence.

1. Appellant enumerates as error the denial of his motion for a continuance which was predicated upon the absence of defense witnesses. "There are eight statutory requirements [under Code Ann. § 81-1410] each of which must be met before an appellate court may

review a trial judge's discretion in denying a motion for a continuance based upon the absence of a witness. [Cits.]" *Davis v. State,* 135 Ga. App. 584, 587 (218 SE2d 297) (1975). In the instant case it appears that appellant had failed to subpoena the absent witnesses and also failed to show that they did not reside more than 100 miles away, that they were not absent with appellant's permission or that they would be available by the next term of court. We find no abuse of the trial court's discretion in denying appellant's motion for continuance when there was a failure to meet half of the statutory requirements. *Davis v. State,* 135 Ga. App. at 587, supra.

On appeal appellant essentially urges that his failure to subpoena the witnesses should have been excused by the trial court when it was shown that his efforts to "bargain" a plea of guilty had finally proved unsuccessful on the Monday before his case was called for trial on Wednesday. However, appellant made no showing of *any* diligent attempt on his part to subpoena the witnesses in the interim between gaining knowledge on Monday that his bargained plea would be rejected and being brought to trial on Wednesday. See *Solomon v. State,* 10 Ga. App. 469 (1) (73 SE 623) (1911). Under these circumstances the trial court was authorized to find that appellant had not been diligent in securing the witnesses and it was not error to deny appellant's motion for continuance predicated upon their absence. See *McNabb v. State,* 69 Ga. App. 885 (27 SE2d 246) (1943). Furthermore, even assuming that appellant demonstrated his failure to subpoena the witnesses was "excusable," the failure to make all the *remaining* showings required under Code Ann. § 81-1410 demonstrates there was no abuse of discretion in denying appellant's motion for a continuance.

2. Appellant enumerates as error the admission into evidence of his entire driving record which included prior convictions for driving under the influence. The state asserts that appellant's entire driving record was admissible to prove an "essential element" of the crime of driving a motor vehicle after being declared a habitual violator, that "essential element" being the basis upon which appellant was declared to be a habitual violator. There is no merit in the state's argument that the introduction of appellant's entire driving record was necessary to prove an essential element of the crime proscribed by Code Ann. § 68B-308 (c). "This contention [by the State] is based on the erroneous assumption that a conviction under Code § 68B-308 (c) must be based upon proof of prior traffic offenses . . . [S]uch proof is immaterial in a prosecution under Code § 68B-308 (c). [Cit.]" *Bollen v. State,* 155 Ga. App. 181 (3) (270 SE2d 227) (1980). "The very essence of the crime is driving *after* being declared a habitual violator. . . ." (Emphasis supplied.) *Weaver v. State,* 242 Ga. 8, 9 (247 SE2d

749) (1978). "[T]he state [is] not required to prove the previous convictions which led to [the defendant's] being declared an habitual violator. [Cit.]" *Bollen v. State,* 155 Ga. App. 181 (2), supra. "[T]estimony that [the] defendant [drove] . . . an automobile . . . coupled with evidence that defendant's driver's license had been revoked as an habitual offender [is] sufficient to authorize a rational jury to find guilt beyond a reasonable doubt." *Miller v. State,* 156 Ga. App. 125, 126 (274 SE2d 122) (1980). It is driving a vehicle after receiving *notice* that one's license has been revoked as a habitual violator that is prohibited by Code Ann. § 68B-308 (c). See generally *Moon v. State,* 156 Ga. App. 877 (275 SE2d 813) (1981). Thus, it is notice of one's *status* as a non-licensed habitual violator, not the driving record underlying that status, that is an "essential element" of Code Ann. § 68B-308 (c). Therefore, contrary to the state's assertions, appellant's entire driving record was "immaterial" to appellant's prosecution under Code Ann. § 68B-308 (c).

However, the mere fact that evidence is "immaterial" does not necessarily mean that its admission into evidence constitutes reversible error. Evidence which is immaterial will not always require reversal, since prejudice also must appear. *Kates v. State,* 152 Ga. App. 29, 31 (262 SE2d 221) (1979). Clearly the admission into evidence of appellant's entire driving record did not "prejudice" him insofar as his conviction under Code Ann. § 68B-308 (c) is concerned. The evidence was undisputed and appellant admitted on the stand that he was driving at the time in question with full knowledge that his license to do so had been revoked as a habitual violator. The sole issue raised by the evidence at trial was whether appellant was also under the influence on that occasion. Under these circumstances the verdict of guilty of violating Code Ann. § 68B-308 (c) cannot be deemed to be the prejudicial result of the erroneous admission into evidence of appellant's entire driving record. See generally *Hess v. State,* 145 Ga. App. 685, 686 (244 SE2d 587) (1978). Appellant having admitted all elements of the crime he "can hardly be said to have been prejudiced by proof of and comment upon the fact that he has been declared an habitual violator." *Bollen v. State,* 155 Ga. App. 181 (1), supra. Nor can we say that, under the facts of this case, the cross examination of appellant concerning the previous DUI convictions appearing in his entire driving record was prejudicial to appellant. See *Head v. State,* 246 Ga. 360, 363 (7) (271 SE2d 452) (1980).

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

<small>DECIDED SEPTEMBER 22, 1981.</small>

*Thomas G. Finn,* for appellant.

*Thomas H. Pittman, District Attorney, Arthur W. Leach, C. Paul Bowden, Assistant District Attorneys,* for appellee.