## 38194. SMITH v. THE STATE.

MARSHALL, Justice.

Under the provisions of Code Ann. § 68B-308 (a) (Ga. L. 1975, pp. 1008, 1032; as amended, Ga. L. 1980, pp. 691, 693), the appellant was declared a habitual violator in January of 1978 because of multiple prior traffic offenses committed by him. He states that these prior offenses include uncounseled felony convictions, as well as a plea of nolo contendere to a misdemeanor charge, and this is not denied by the appellee. In April of 1981, the appellant was convicted of violating Code Ann. § 68B-308(c) by operating a motor vehicle without having obtained a valid driver's license after having received notice that his driver's license had been revoked by reason of his having been declared a habitual violator. He now appeals the conviction, arguing that the trial court erred in denying his motion to dismiss the indictment on the ground that Code Ann. § 68B-308 is unconstitutional in various respects.

1. First, he argues that inconsistencies between Code Ann. § 68B-308 (d) and Code Ann. § 27-1410 result in Code Ann. § 68B-308 (d)'s being in violation of Art. III, Sec. VII, Pars. IV and XII of the Georgia Constitution, which are codified at Code Ann. §§ 2-1304 and 2-1312, respectively.

Code Ann. § 27-1410 provides that a "plea of nolo contendere shall not be used against the defendant in any other court or proceedings as an admission of guilt, or otherwise, or for any purpose . . ." However, Code Ann. § 68B-308 (d) states that notwithstanding any contrary provisions of Code Ann. § 27-1410, any plea of nolo

contendere entered and accepted after the effective date of Code Title 68B shall be considered a conviction, which can be used as the basis for declaring a person a habitual violator. The appellant's argument is that this discrepancy results in Code Ann. § 68B-308(d)'s running afoul of the state constitutional requirements that: "No law shall pass which refers to more than one subject matter, or contains matter different from what is expressed in the title thereof." (Code Ann. § 2-1304); and "No law, or section of the Code, shall be amended or repealed by mere reference to its title, or to the number of the section of the Code, but the amending, or repealing act, shall distinctly describe the law to be amended or repealed, as well as the alteration to be made." (Code Ann. § 2-1312).

(a) Code Ann. § 68B-308(d) does not constitute an amendment to or repeal of Code Ann. § 27-1410 within the meaning of Code Ann. § 2-1312. See *Town of McIntyre v. Scott,* 191 Ga. 473 (6) (12 SE2d 883) (1941) and cits.

(b) The effect of Code Ann. § 68B-308(d) is to create an exception to the rule of Code Ann. § 27-1410 concerning the consequences of a plea of nolo contendere. This does not result in Code Ann. § 68B-308(d)'s running afoul of the state constitutional prohibition against the passage of the law referring to more than one subject matter or containing matter different from what is expressed in the title.

"[T]he meaning of the word 'subject matter' as used in the Constitution . . . is to be given a broad and extended meaning so as to allow the legislature authority to include in one Act all matters having a logical or natural connection. To constitute plurality of subject matter, an Act must embrace two or more dissimilar and discordant subjects that by no fair intendment can be considered as having any logical connection with or relation to each other." *Crews v. Cook,* 220 Ga. 479, 481 (139 SE2d 490) (1964); *Wall v. Board of Elections of Chatham County,* 242 Ga. 566, 570 (250 SE2d 408) (1978). See also *Central of Ga. R. Co. v. State of Ga.,* 104 Ga. 831 (4) (31 SE 531) (1898). "Nor can the objection be sustained that they contain matter different from what is expressed in their titles. The title of an act need only indicate the general object and subject-matter to be dealt with. It is not required that the title contain a synopsis of the law. *Wright v. Fulton County,* 169 Ga. 354 (2-a) (150 SE 262) and cit." *Williamson v. Housing Authority of Augusta,* 186 Ga. 673, 679-680 (199 SE 43) (1938). "Provisions germane to the general subject-matter embraced in the title of an act, and which are designed to carry into effect the purposes for which it is passed, may be constitutionally enacted therein, though not referred to in the title otherwise than by use of the words, 'and for other

purposes.' " *Wright v. Fulton County,* 169 Ga. 354 (2a), supra.

2. The appellant also argues that Code Ann. § 68B-308(c) violates the foregoing state constitutional provisions, as well as the constitutional requirements of due process and equal protection, because it makes it a crime for a habitual violator to operate any motor vehicle in this state, even though the driver's licensing requirement established by Code Ann. § 68B-201 extends only to persons driving motor vehicles upon *highways* in this state and even though Code Ann. § 68B-202 contains several exemptions from the licensing requirement.

In this case, the appellant was arrested for driving a motor vehicle on an interstate highway. He has not shown that he is within any class of persons entitled to an exemption from the licensing requirement under Code Ann. § 68B-202. Therefore, he lacks standing to contend that discrepancies between Code Ann. §§ 68B-201, 68B-202, and 68B-308 render Code Ann. § 68B-308 unconstitutional. "[I]t long has been the law that before a statute can be attacked by anyone on the ground of its unconstitutionality, he must show that its enforcement infringes upon some right of his and that the infringement results from the unconstitutional feature of the statute upon which he bases his attack. *McDonald v. State,* 222 Ga. 596, 597 (3b) (151 SE2d 121) (1966); *Reserve Life Ins. Co. v. Davis,* 224 Ga. 665, 666 (1) (164 SE2d 132) (1968). He must show that he is within the class of persons with respect to whom the Act is unconstitutional. *Bryant v. Prior Tire Co.,* 230 Ga. 137, 138 (196 SE2d 14) (1973); *Payne v. Bradford,* 231 Ga. 487 (2) (202 SE2d 422) (1973); *Lott Investment Corp. v. Gerbing,* 242 Ga. 90 (249 SE2d 561) (1978)." *State v. Raybon,* 242 Ga. 858, 862 (252 SE2d 417) (1979).

3. Lastly, the appellant argues that Code Ann. § 68B-308 is unconstitutional because it allows prior uncounseled felony convictions to be used as the basis for subjecting a person to punishment as a habitual violator.

The offense of violating Code Ann. § 68B-308 (c) by driving a motor vehicle after revocation of a license upon being declared a habitual violator is an offense separate and distinct from the offenses which led to the driver's being declared a habitual violator. *Flakes v. State,* 243 Ga. 699 (3) (256 SE2d 379) (1979); *Bollen v. State,* 155 Ga. App. 181 (270 SE2d 227) (1980). Accordingly, *Flakes* and *Bollen* hold that Code Ann. § 68B-308(c) is not a recidivist statute and that in a prosecution under this statute it is not necessary to prove the defendant's prior convictions.

This renders inapposite Burgett v. Texas, 389 U. S. 109 (88 SC 258, 19 LE2d 319) (1967) (holding that an uncounseled felony conviction cannot be used for enhancement of punishment under a

recidivist statute), as well as Baldasar v. Illinois, 446 U. S. 222 (100 SC 1585, 64 LE2d 169) (1980) (holding that an uncounseled misdemeanor conviction cannot be used under an enhanced penalty statute to convert a subsequent misdemeanor into a felony with a prison term). In our opinion, the argument being advanced by the appellant is controlled adversely to him by Lewis v. United States, 445 U. S. 55 (100 SC 915, 63 LE2d 198) (1980) (holding that a federal firearms statute which prohibits a felon from possessing a firearm does not violate the due process clause of the Fifth Amendment, even if the predicate felony may be subject to collateral attack on constitutional grounds).

Accordingly, we hold that a person may be subjected to felony punishment as a habitual violator under Code Ann. § 68B-308(c), even though the offenses giving rise to the person's having been declared a habitual violator are subject to collateral attack on constitutional grounds. In this regard, it is important to note that in a prosecution under Code Ann. § 68B-308 (c), the state has the burden of proving that the defendant was given notice of revocation of his driver's license because of his having been declared a habitual violator. *Weaver v. State,* 242 Ga. 8 (2) (247 SE2d 749) (1978). In addition, a person whose driver's license has been revoked by the Department of Public Safety has a right to obtain administrative review of the department decision, followed by a de novo appeal to superior court. *Hardison v. Shepard,* 246 Ga. 196 (2) (269 SE2d 458) (1980).

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 27, 1982.

*Hester & Hester, Frank B. Hester,* for appellant.
*Sam B. Sibley, Jr., District Attorney,* for appellee.