## 63431. ROWLAND v. THE STATE.

DEEN, Presiding Judge.

Appellant was indicted for violating the Georgia Driver's Licensing Act (Code Ann. § 68B-308 (c)) for driving an automobile after receiving notice that his license had been revoked because he had been declared an habitual violator. At arraignment he pled not guilty and filed a plea in abatement alleging that he was not represented by counsel nor did he waive his right to counsel at the time he was convicted of the traffic violations which resulted in his being declared an habitual violator; and that the decision of the United States Supreme Court in Baldasar v. Illinois, 446 U. S. 222 (100 SC 1585, 64 LE2d 169) (1980) rendered the use of those

uncounseled convictions unconstitutionally invalid to subject him to a sentence of imprisonment for violation of the habitual violator act. The state did not contest the fact that appellant was not represented by counsel nor knowingly and intelligently waived his right to counsel during the proceedings involving the previous pleas and convictions that resulted in his being declared an habitual violator. The trial court overruled the plea in abatement, however, on grounds that the right to an administrative hearing following his declaration as an habitual violator comported with due process, that the habitual violator act is not a recidivist statute, and that Baldasar was thus not applicable nor controlling here. The case proceeded to trial and the jury returned a verdict of guilty, from which this appeal ensued. We affirm.

The issues and contentions raised by appellant have been considered and decided adversely to him by the recent unanimous decision of the Georgia Supreme Court in *Smith v. State,* 248 Ga. 828 (3) (286 SE2d 709) (1982), wherein it was stated as follows:

"The offense of violating Code Ann. § 68B-308 (c) by driving a motor vehicle after revocation of a license upon being declared an habitual violator is an offense separate and distinct from the offenses which led to the driver's being declared an habitual violator. *Flakes v. State,* 243 Ga. 699 (3) (256 SE2d 379) (1979); *Bollen v. State,* 155 Ga. App. 181 (270 SE2d 227) (1980). Accordingly, *Flakes* and *Bollen* hold that Code Ann. § 68B-308 (c) is not a recidivist statute and that in a prosecution under this statute it is not necessary to prove the defendant's prior convictions.

"This renders inapposite Burgett v. Texas, 389 U. S. 109 (88 SC 258, 19 LE2d 319) (1967) (holding that an uncounseled felony conviction cannot be used for enhancement of punishment under a recidivist statute), as well as Baldasar v. Illinois, 446 U. S. 222, [supra], (holding that an uncounseled misdemeanor conviction cannot be used under an enhanced penalty statute to convert a subsequent misdemeanor into a felony with a prison term). In our opinion, the argument being advanced by the appellant is controlled adversely to him by Lewis v. United States, 445 U. S. 55 (100 SC 915, 63 LE2d 198) (1980) (holding that a federal firearms statute which prohibits a felon from possessing a firearm does not violate the due process clause of the Fifth Amendment, even if the predicate felony may be subject to collateral attack on constitutional grounds).

"Accordingly, we hold that a person may be subjected to felony punishment as an habitual violator under Code Ann. § 68B-308 (c), even though the offenses giving rise to the person's having been declared an habitual violator are subject to collateral attack on constitutional grounds. In this regard, it is important to note that in a

prosecution under Code Ann. § 68B-308 (c), the state has the burden of proving that the defendant was given notice of revocation of his driver's license because of his having been declared an habitual violator. *Weaver v. State,* 242 Ga. 8 (2) (247 SE2d 749) (1978). In addition, a person whose driver's license has been revoked by the Department of Public Safety has a right to obtain administrative review of the department decision, followed by a de novo appeal to superior court. *Hardison v. Shepard,* 246 Ga. 196 (2) (269 SE2d 458) (1980)." See also, United States v. Robles-Sandoval, 637 F2d 692 (9th Cir. 1981).

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED MARCH 5, 1982.

*John Jay McArthur,* for appellant.

*Harry N. Gordon, District Attorney, B. Thomas Cook, Jr., Assistant District Attorney,* for appellee.