## 65848. ROBERTS v. THE STATE.

BANKE, Judge.

The defendant appeals his convictions for public drunkenness and simple assault.

The state's version of the events surrounding the defendant's arrest may be summarized as follows. At about 2:30 a.m. on December 23, 1981, Officer Frank Waits of the Lawrenceville Police Department arrested the defendant's brother for DUI. Because the defendant, who was a passenger in the brother's vehicle, appeared also to be intoxicated, the officer declined to permit him to drive the vehicle home and instead offered to carry him to the police department so that he could telephone for a ride. According to the officer, the defendant responded that "he was not getting into no God damn police car" and, after walking down the road a short distance, turned around and shouted, "God damn city police. Fuck Lawrenceville police." Officer Waits, in turn, reported on his police radio that a drunk was walking up Langley Street towards Highway 29.

As the defendant continued up the street, he encountered Officer J. D. Swansey, who was driving to the scene of the DUI arrest. Swansey testified that upon seeing the defendant, he stopped his car and confronted him, but that the defendant simply kept walking. Swansey said he then got back in his patrol car, drove past the defendant, got back out, and again announced that he wanted to talk, whereupon defendant walked up to him and slugged him in the chest. A scuffle ensued in which the defendant was subdued.

According to both Swansey and Waits, who had now arrived on the scene, as the defendant was being handcuffed, a car drove past them carrying three persons, one of whom leaned out of the window, shouted an obscenity, and offered to be a witness for the defendant. Swansey and Waits gave chase and arrested this person for disorderly conduct.

The defendant testified that Officer Waits never offered to take him to the police station and that his only comment to the officer had to do with the latter's lack of Christmas spirit. He stated that after he had walked down the road a short distance, he saw a set of headlights coming at him and then heard someone ask him where he was going. He maintained that he ignored these inquiries thinking the person might be a robber and that he was then hit from behind without warning. He made no mention of striking Swansey, although he did admit to turning around and grabbing the officer after he himself was hit. He said, however, that he let go upon learning that his assailant was a police officer. The defendant further testified that after

handcuffing him, Swansey broke both his wrists and took his money from his pocket.

The person arrested by the officers for allegedly yelling obscenities from the passing car testified on behalf of the defendant, as did the other two occupants of that vehicle. Each reported seeing Officer Swansey strike the defendant from behind as the defendant was walking down the road, and each denied that any of them had yelled anything at the officers. *Held:*

1. Based on the state's evidence, a rational trier of fact could have concluded beyond a reasonable doubt that the defendant was guilty both of public drunkenness, manifested by boisterous conduct and profane language, and of committing a simple assault upon Officer Swansey. See generally *Crawford v. State,* 245 Ga. 89 (1) (263 SE2d 131) (1980). Although the officers' testimony was in sharp conflict with that of the defendant and his witnesses, this conflict was for the jury to resolve, based on their evaluation of the credibility of the witnesses.

2. The trial court did not err in failing to instruct the jury on the defense of mistake of fact in the absence of a request for such on instruction. Although the defendant contends on appeal that this was his sole defense to the simple assault charge, his testimony at trial was simply that he turned and grabbed Swansey to fend off an unprovoked attack. He did not testify that he assaulted Swansey due to a mistaken belief regarding Swansey's identity.

3. The trial court did not err in failing to instruct the jury on the law governing arrests without a warrant. Even assuming *arguendo* that a warrant was required, it is well settled that an illegal arrest or detention does not void a subsequent conviction. See *Seabolt v. Hopper,* 240 Ga. 171, 172 (240 SE2d 57) (1977).

4. The trial court did not err in failing, without request, to give limiting instructions on the weight to be given evidence of prior convictions which the state introduced for the purpose of impeaching the testimony of one of the defense witnesses. "Where evidence has been admitted for a limited purpose, it is not error for the court to fail to instruct the jury to limit its consideration of such evidence to the limited purpose for which it was admitted in the absence of a request to so instruct the jury. [Cits.]" *Jones v. State,* 242 Ga. 893, 896 (252 SE2d 394) (1979).

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED MARCH 17, 1983.

*Darryl R. Vandeford,* for appellant.

*Herbert T. Jenkins, Solicitor, Phil Wiley, Assistant Solicitor,* for appellee.